JOHN J. ROWLAND to use of B. F. Havens v. GEORGE L. WIND- LEY, Administrator.

*Pleading—Statute of Limitations.*

An administrator was sued upon a note under seal executed by his intestate and another in 1854, and pleaded the statute of limitations, and also "that the note was not presented for payment in due time as required by law." Defendant admitted non-payment, and upon the judge's intimation that plaintiff could not recover in the absence of proof that defendant's intestate or his co-obligor had not paid it, he took a nonsuit and appealed;

*Held,* that the plea of the statute not being applicable to notes under seal should have been stricken out, and the trial had upon the issue raised by the other plea, and defendant allowed the opportunity of showing whether he had advertised, paid over the surplus, and taken refunding bonds.

(*Oates* v. *Gray,* 66 N. C., 442 ; *Cooper* v. *Cherry,* 8 Jones, 323, cited and approved )

CIVIL ACTION tried at Spring Term, 1879, of BEAUFORT Superior Court, before *Avery, J.*

This action was brought upon a note under seal executed

by James S. Campbell (defendant's intestate) and Samuel
B. Latham. The facts appear in the opinion. Upon an in-
timation of the court that the plaintiff could not recover, he
took a nonsuit and appealed.

*Mr. James E. Shepherd* for the plaintiff.

The defence of payment may be made under general is-
sue in assumpsit, but specially pleaded in action of debt on
a specialty. 2 Greenl. Ev., title "payment." No plea of
statute of limitations to debt on specialty. 3 Chitty Plead-
ing; 1 Tidd Pr. Payment must be pleaded. 7 Wait Act.
and Def., 422.

*Messrs. W. B. Rodman* and *George H. Brown, Jr.,* for de-
fendants.

ASHE, J. This is an action on a note under seal for two
hundred dollars, dated October 10th, 1854, and due one day
after date, tried before a justice of the peace in the county
of Beaufort. Judgment was rendered by the justice in
favor of the plaintiff, and the defendant appealed to the su-
perior court. The defence set up by the defendant before
the justice was:

1. "That the note was not presented for payment in due
time as required by law.

2. "That the said promissory note was out of date by the
statute of limitations."

The pleading was not amended in the superior court, and
the case thus stood upon the answer and defences as before
the justice.

The case was submitted to the jury upon the same de-
fences set up before the justice, when the plaintiff suggested
to the court that the statute of limitations was not a proper
plea to an action upon a sealed instrument, and would not
be available to the defendant. Thereupon His Honor stated
that he would permit the defendant to amend if he should

choose so to do, which offer the defendant declined. Some evidence was offered by the defendant tending to show that Windley, the defendant (administrator of Campbell one of the obligors of the bond, who died in 1859) in the year 1879 admitted that he had not paid the note; and after the admission of this evidence the court intimated an opinion that the plaintiff could not recover because he had not offered evidence tending to show that Campbell or the other party to the bond had not paid the same from the date of its execution in 1854. Upon which intimation the plaintiff submitted to a nonsuit and appealed to this court.

The construction to be put upon the defences set by the defendant, is, first, that the plaintiff had not presented the bond for payment within two years after the administration according to the act of 1789, and secondly, that the plaintiff's cause of action did not accrue within three years before the commencement of the action.

While the code of civil procedure has abolished the subtle niceties and technicalities of the pleading at common law, it did not dispense with that certainty and regularity in pleading which is essential to every system adopted for the administration of justice. The plaintiff must state his cause of action with the same substantial certainty as was formerly required in a declaration, and the defendant must controvert the allegations of the complaint, or they will be taken as true for the purposes of the action. *Oates* v. *Gray*, 66 N. C., 442. There is no rule of pleading better settled than that the statute of limitations does not apply to bonds or notes under seal. Payment was formerly the only plea to raise a bar to an action on such instruments from the lapse of time, and we take it that it must still be substantially pleaded in a case like this.

The defence of the statute of limitations in this action is irrelevant, and raises an immaterial issue. And if this had been the only issue and the jury should have found a ver-

dict for defendant, it would have been the duty of the court to render a judgment in behalf of the plaintiff *non obstante veredicto*. Tidd Pr., 291. The defence of the statute being irrelevant, it should have been stricken out upon the defendant's refusal to accept the leave offered by the court, and judgment by *nil dicit* given the plaintiff. Tourgee's Code, § 104, and the authorities there cited.

But as there was another defence set up by defendant, the court, instead of intimating an opinion to the plaintiff which drove him to a nonsuit, after striking out the irrelevant plea, should have permitted the trial to proceed upon the issue raised by the other defence under the act of 1789, which might have availed the defendant if he could have shown that he had advertised, paid over the surplus, and taken refunding bonds in compliance with the provisions of that statute. *Cooper* v. *Cherry*, 8 Jones, 323.

There is error. The nonsuit is set aside. Let this be certified to the superior court of Beaufort that further proceedings may be had in accordance with this opinion and the law.

Error.                                                          Reversed.