R. M. OATES *et al. vs.* W. G. GRAY.

1. The object of the Code was to abolish the different forms of action and the technical and artificial modes of pleading used at common law, but not to dispense with such degree of certainty, regularity and uniformity as are deemed essential in every system adopted for the administration of justice.

2. The pleadings must contain the same substantial certainty, now, as was formerly requisite in a declaration, &c., and unless the defendant controverts the facts alleged they must be taken as true for the purposes of the action. C. C. P., 127.

3. The word "plead" used in the Act of 1868-'69, chap. 76, sec. 4, must be regarded as an inadvertence and was not intended to change the Code system.

4. An entry on the docket of "general issue, stat, lim, with leave," is not sufficient pleading and in the discretion of the Judge below would authorize judgment of *nil dicit.*

5. If a complaint is founded upon assumpsit for goods sold, a final judgment without proof of value, &c., as upon a default, is erroneous.

6. In such cases, the Clerk must ascertain the amount due in the mode prescribed by sec. 217. C. C. P.

7. The entry on the docket was sufficient notice of appearance to entitle the defendant to the five days notice under the statute.

This was a civil action tried before His Honor Judge Logan at Fall Term, 1871, of Mecklenburg Superior Court.

The action was founded on a note and an account for goods sold, money lent, &c. At the return term the defendant failed either to answer or demurr, but counsel marked their initials to the case opposite the name of defendant and entered on the summons docket the words "general issue, *stat. lim* with leave."

On the calling of the cause the plaintiff moved His Honor for judgment as demanded in the complaint which was granted by His Honor without any previous ascertainment of the value

of the goods alleged to have been sold. From this judgment the defendant appealed.

*Dowd* for the appellant.
*Jones* & *Johnston* for appellee.

DICK, J. The object of the Code was to abolish the different forms of action, and the technical and artificial modes of pleading used at common law, but not to dispense with the certainty, regularity and uniformity which are essential in every system adopted for the administration of justice.

The plaintiff must state his cause of action with the same substantial certainty as was formerly required in a declaration; and the defendant must controvert the allegations of the complaint, or they will be taken as true for the purposes of the action. *C. C. P.* sec. 127.

The only pleading on the part of the defendant is either a demurrer or an answer. *C. C. P.*, sec. 93.

The word "plead" used in the Act of 1868–'69, chap. 76, sec. 4, must be regarded as a mere inadvertence on the part of the Legislature, and was not intended to change the system adopted by the Code, and restore the old practice of loose pleading which was never recognized by law. That such was not the intention of the Legislature is clearly manifested in the next section of the act.

The entry made on the docket, "General issue, Stat. lim. with leave," was not sufficient pleading and the Judge, in the exercise of his discretion, could enter judgment for the want of a sufficient defense.

The judgment entered in this case is erroneous, for it is a final judgment for the amount claimed by the plaintiff, when it should have been interlocutory. The complaint is not sworn to, and the 2nd and 3rd causes of action alleged are for property sold and money lent on open account.[1] In such cases before the entry of judgment the Clerk must ascertain the

amount which the plaintiff is entitled to recover, in the manner provided in C. C. P., sec. 217.

The entry made on the docket by the defendant was a sufficient notice of appearance and he was entitled to five days notice of the time and place when the assessment would be made by the Clerk. As the judgment must be set aside for error, His Honor in the Court below may, in his discretion, allow the defendant to enter a defense in conformity with law. C. C. P., sec. 133.

As the erroneous judgment was not the ground of the appeal neither party is entitled to costs.

Let this be certified to the end that proper proceedings may be had, &c.

PER CURIAM.                              Judgment reversed.