N. C. LAND COMPANY *v.* M. O. BEATTY and C. S. BENNETT.

A plaintiff cannot join in the same complaint, a count (or cause of action) in contract, against one of two defendants, with a count (or cause of action) on the fraud of both.

Any number of causes of action belonging to any one of the classes enumerated in sec. 126 of the Code of Civil Procedure, may be united, provided they all affect the parties, but no two belonging to different classes.

(*Chamberlain* v. *Robertson*, 7 Jones 12; *Bedsole* v. *Monroe*, 5 Ired. Eq. 313, cited and approved.)

CIVIL ACTION, tried before *Albertson, J.,* at Spring Term, 1873, of WAKE Superior Court.

In the complaint it is alleged,

1. That the plaintiff is a corporation, by virtue of an Act of our General Assembly, with its principal office in Raleigh, and its business is to buy and sell land, and to sell land for others upon commission.

2. That defendants came to their office in July, 1871, to get the aid of the Company to sell a half interest in certain valuable lands in Chatham county, known as the Ore Hill Mineral property.

3. That defendants represented that they had severally purchased from one S. H. Wiley one half each of the said lands, but that the defendant, Beatty, had bought Bennett's share, and now owned the whole; that Beatty agreed to pay plaintiff a commission at the rate of ten per cent. of the

price for which a half should be sold, in case a purchaser or purchasers should be found by the aid of the plaintiff or its agents, and that Bennett knew of and consented to the said contract.

4. That plaintiff at much trouble and expense endeavored to sell the property as authorized, and that certain persons from Canada were induced through the efforts of the Company to visit the lands, and finally purchased the half interest offered for sale, being introduced to defendants in the office of the plaintiff.

5. That such sale was made in August, 1871, at the price of $150,000.

6. That plaintiff under the said contract and in consequence of the sale, became entitled to the ten per cent. of said price, but plaintiff subsequently offered, and is now willing to accept $7,500 as full compensation for its services under said contract, 5 per cent. being the usual commissions upon such sales.

6. That after the sale, when plaintiff demanded payment for its services, the defendants alleged that the interest so sold as above stated, belonged to Bennett and not to Beatty, which the plaintiff has been informed is true, and now Bennett pretends that he is not liable to the plaintiff for any amount on account of such services, and both defendants refuse to pay for the same.

That in making representations to the sheriffs as to the ownership of the said lands, and in procuring the aid of the plaintiff in effecting the sale as aforesaid, the defendants were guilty of fraud upon the plaintiff, and the plaintiff believes they are jointly and severally liable to the plaintiff to the amount of the commission charged by virtue of the said contract, or as damages for the fraud.

Wherefore the plaintiff demands judgment against the defendant for $7,500, and interest from the 1st of August, 1871.

At Spring Term, 1872, the defendant, Beatty, answered, and denied the material allegations in the plaintiff's complaint; and alleging that no part of his (Beatty's) interest was sold, but the part sold belonged to Bennett. And further, that he, Beatty, is informed that the contract of sale made by Bennett has been abandoned.

And Bennett at the same term demurs to the complaint on the ground :

1. That several causes of action have been improperly united, one being a money demand on a contract stated in the complaint between the plaintiff and the defendant, Beatty, to which the defendant, Bennett, was no party as appears on the face of the complaint, and a second cause of action, a claim to recover damages for a fraud alleged to have been committed against the plaintiff by the defendants.

For a second cause of demurerr :

That it appears on the face of the complaint that this defendant, Bennett, was not a party to the contract alleged in plaintiff's complaint, and that the interest in the property which it is alleged the defendant, Beatty, contracted with plaintiff to sell to him, was not sold by plaintiff or otherwise.

His Honor, Judge ALBERTSON, at Spring Term, 1873, after argument, overruled the demurrer, and ordered Bennett to answer before the next term of the Court.

From this order the defendant, Bennett, appealed.

*Batchelor & Son,* for appellant.
*Battle & Son,* contra.

RODMAN, J. The Code of Civil Procedure (sec. 93) requires every complaint to contain a statement of a cause of action, and each material allegation going to constitute the same shall be distinctly numbered. Several causes of action may be united in the same complaint. (Sec. 126.) (What

causes of action may be united we will presently consider.) But each cause of action must be stated as such, and thus separated from every other. (Sec. 126.) If several causes of action are improperly united the defendant may demur. (Sec. 95.) The defendant demurs upon that ground in this case.

On examining the complaint we find that it does not profess to state more than one cause of action. If in fact it states two it would be demurable, because it compounds and does not state them separately. But this would go to the form only, that is, it would be ground for special demurrer only, and as it is not set forth the defendant can have no benefit from it.

The first five articles in the complaint allege in substance that defendant, Beatty, being (or representing himself to be) the owner of certain lands, employed plaintiff to find a purchaser for one-half thereof, and in consideration that plaintiff would endeavor to do so, agreed to pay plaintiff ten per cent. on what he should sell one-half for, and that by means of the labors of plaintiff the defendant, Beatty, did afterwards sell one-half of said lands for $150,000.

The 6th article says " that the plaintiff *under said contract* and in consequence of said sale, became entitled to a commission," &c.

It is true that plaintiff says that Bennett was present and assented to the representations of Beatty, but he nowhere says that Bennett promised.

These articles evidently allege a cause of action in the contract made by Beatty. Whether article 6th means to allege that plaintiff became entitled to a commission from Beatty alone, or from Beatty and Bennett jointly, is left vague, and consequently must be taken most strongly against the pleader if it will make any difference. These six articles contain a complete statement of a cause of action on contract: 1. The contract; 2. The performance of

plaintiff's part; 3. The breach; 4. The claim of damages. All that follows is superfluous to that cause of action.

Article 7th, taken in connection with the previous allega-- tions, states a cause of action in the false and fraudulent representations of both the defendants, and says "that in making representations to the plaintiff as to the ownership of said property as aforesaid, and in procuring the aid of the plaintiff in effecting the sale of said half interest, the defendants were *guilty of a fraud* upon the plaintiff, and the plaintiff believes they are jointly and severally liable," &c.

Whether either of these two causes of action as set forth would be sufficient in form or substance to entitle the plaintiff to a judgment, we are not called on to express any opinion and we do not.

The question before us is, can the plaintiff join in the same complaint a count (or cause of action) in contract against one of the defendants, with a count (or cause of action) on the fraud of both?

Prior to the C. C. P. it is clear that at law such a misjoinder was demurrable. 1 Chit. Pl. 331; *Chamberlain* v. *Robertson,* 7 Jones 12. In equity multifariousness was not allowed in a bill. 1 Dan. Ch. Pr. 384; *Boyd* v. *Hoyt,* S. Paige 65. Multifariousness is well defined in Story Eq. Pl., sec. 271, and in *Bedsole* v. *Monroe,* 5 Ired. Eq. 313. By either definition this action would be multifarious.

But it is contended that the joinder is allowed by sec. 126, C. C. P. This says "The plaintiff may unite in the same complaint several causes of action whether they be such as have been heretofore denominated legal or equitable, or both, where they all arise out of,

1. The same transaction, or transactions connected with the same subject of action.

2. Contracts express or implied; or

3. Injuries with or without force, &c.

But the causes of action so united must all belong to one

of these classes, and   *   *   *   must affect all the parties to the action,   *   *   *   and must be separately stated."

The argument of the plaintiff must be that under the first clause he could unite any number of causes of action belonging to all of the after enumerated classes, provided only they all arose out of the same transaction, or out of distinct transactions concerning the same subject of action.

It is easy to see that this construction would produce all the inconvenience and confusion which it was the object of all the rules regulating the joinder of action to prevent.

Take an example : A lends a horse to B who sells him to C. The sale is one transaction, but it may give rise to several causes of action of different kinds, and between different parties. A may have an action of trover against B or C. B may have an action for the price. C may have an action for deceit; and if the sale were to C in trust for D, he might have an action. If we suppose two transactions about the same horse the number of possible actions about the same subject becomes much greater.

It cannot be possible that all these numerous actions between different parties, and having no common bearing or connection except that the subject of all is the same horse, can be united.

It is difficult to give any exact meaning to that clause. Perhaps it was not intended to make a distinct class; for it is not united, as all the following clauses are, by the conjunction " or. " Or, perhaps it is an imperfect attempt to condense the rule of equity by which all persons having rights or estates in the same subject matter, (as for example devisees, heirs at law, creditors, and a widow, in the estate of descendent) may by one proceeding obtain an adjustment of all their respective claims. However this may be, the cause has no bearing on the present question. These remain the classes of contract, injury, &c. Any number of causes of action belonging to any one of these may be united, pro-

vided they all affect the parties, but no two belonging to different classes.

Judgment below reversed and demurrer sustained. Action remanded to be proceeded in, &c.

Let this opinion be certified.

PER CURIAM.                           Judgment reversed.