J. R. WHITE, ADMINISTRATOR OF SARAH ELIZABETH WHITE, DECEASED,
v. THE CITY OF CHARLOTTE, AND CHARLOTTE PARK AND RECRE-
ATION COMMISSION.

(Filed 26 February, 1936.)

Municipal Corporations E a—Demurrer is properly overruled when com-
plaint does not disclose that city was engaged solely in governmental
function.

Plaintiff brought suit for the death of her intestate alleging that
intestate was killed as she was swinging in a municipal park operated

by defendants, and that her death was caused by the negligence of defendant city and of defendant municipal park commission. Defendants demurred on the ground that it appeared from the complaint that they were engaged at the time in the performance of a governmental function. *Held:* The facts alleged in the complaint failing to show as a matter of law that defendants in maintaining the park and providing swings therein were engaged solely in a governmental function, the demurrer was properly overruled, leaving the facts relied on by defendants in support of their defense to be developed on the trial of the action on its merits.

APPEAL by defendants from *Alley, J.,* at October Term, 1936, of MECKLENBURG. Affirmed.

This is an action to recover of the defendants damages for the death of plaintiff's intestate.

It is alleged in the complaint that the death of plaintiff's intestate was caused by the negligence of the defendant, the city of Charlotte, a municipal corporation, and of the defendant Charlotte Park and Recreation Commission, an agency of said city, created by its governing body, under statutory authority.

The defendants demurred to the complaint on the ground that the facts stated therein are not sufficient to constitute a cause of action on which the defendants, or either of them, is liable to the plaintiff, for that it appears from the allegations of the complaint that the injuries which resulted in the death of plaintiff's intestate were received by her while she was using a swing in a public park in the city of Charlotte, which was maintained by the defendants in the performance of a governmental function.

The demurrer was overruled, and the defendants appealed to the Supreme Court, assigning as error the refusal of the court to sustain their demurrer.

*John Newitt for plaintiff.*
*Scarborough & Boyd for defendants.*

CONNOR, J. The facts alleged in the amended complaint in this action (see *White v. City of Charlotte,* 207 N. C., 721, 178 S. E., 219), are sufficient to constitute a cause of action on which the plaintiff is entitled to recover of the defendants, unless, as contended by the defendants, the injuries which resulted in the death of plaintiff's intestate were caused by the defendants while they were engaged in the performance of a governmental function. In that event, although the death of plaintiff's intestate was caused by the failure of the defendants to exercise reasonable care for her safety, the defendants are not liable to the

plaintiff for damages resulting from her death.   See *Scales v. Winston-Salem,* 189 N. C., 469, 127 S. E., 543.   On the other hand, if the fatal injuries were caused by the defendants while engaged in the performance of a mere corporate function, the defendants are liable, notwithstanding their status as municipal corporations.   See *Parks-Belk Co. v. Concord,* 194 N. C., 134, 138 S. E., 599.

The facts alleged in the complaint in this action are not sufficient to determine as a matter of law whether or not the defendants, in maintaining a public park in the city of Charlotte, and providing in said park a swing for the use of children and others who used said park for purposes of recreation, were thereby engaged in the performance of a governmental function only.   For that reason, there was no error in overruling the demurrer filed by the defendants.   When the facts on which the defendants rely to support their contention that they are not liable to plaintiff in this action are developed on the trial of the action on its merits, the question debated on the argument and in the briefs on this appeal will be presented for decision.

Affirmed.