MRS. IRENE BAILEY KING v. ROGER COLEY, ET AL.

HERMAN H. KING v. ROGER COLEY, ET AL.

HERMAN H. KING, ADMR., v. ROGER COLEY, ET AL.

(Filed 29 September, 1948.)

**1. Pleadings § 3a—**

The rule that a complaint must be liberally construed upon a demurrer does not mean that the pleader may dispense with the certainty required at common law, since defendants have the right to know the grounds upon which they are charged with liability in order to prepare their defense, of which right they may not be deprived under the guise of liberal construction.

**2. Same—**

When plaintiff seeks to recover in one action on two or more causes of action, he must state each cause of action separately, setting out in each the facts upon which that cause of action rests.  G. S., 1-123; Rule of Practice in the Supreme Court, No. 20 (2).

**3. Pleadings § 24a—**

The complaints allege causes of action in favor of the several plaintiffs based upon negligence of defendants in serving plaintiffs poisonous and contaminated food.  Upon failure of plaintiffs to make out a case of negligence, the court submitted the actions to the jury on the theory of breach of implied warranty.  *Held:* Defendants should not be held liable in damages on a cause of action of which they had not been given prior notice and an opportunity to prepare their defense, and the verdict and judgment is vacated upon appeal.

APPEAL by defendants from *Grady, Emergency Judge,* October Term, 1947, DURHAM.

Civil actions in tort consolidated for trial.  The plaintiffs each separately sued to recover damages of the defendants as follows: (1) for the injury allegedly sustained by Irene Bailey King caused by poisonous and contaminated food served by defendants' employee at their restaurant in Durham; (2) for the death of the intestate of plaintiff Herman H. King, administrator, caused by eating said food; and (3) for damages sustained by Herman H. King individually by reason of expenses incurred by him for hospital and physician's bills and burial expenses as husband of Mrs. King and father of the infant intestate.

At the conclusion of the evidence for plaintiffs, the defendants moved in each case separately for judgment as in case of nonsuit.  The court sustained the motions as to the causes of actions bottomed on allegations of negligence, "but overruled the motion in so far as the allegations of implied warranty were concerned."  To the refusal of the court to dismiss the causes in their entirety defendants excepted.

At the conclusion of all the evidence the defendants renewed their motions to dismiss.  The motions were overruled and defendants excepted.

Thereupon issues were submitted to and answered by the jury as follows:

"1. At the times referred to in the pleadings was Mrs. Roger Coley a co-partner with her husband in the AAA Restaurant, as alleged in the complaint?

"Answer: Yes.

"2. Did the defendants, or either one of them, sell to the plaintiffs food containing poisonous and deleterious substances, as alleged in the complaint?

"Answer: Yes.

"3. If so, was the death of Katherine Mae King caused by eating said food or any part thereof?

"Answer: Yes.

"4. If so, was Mrs. Irene Bailey King injured in her person by eating said food or any part thereof?

"Answer: Yes.

"5. What damages, if anything, is Herman H. King, Administrator of Katherine Mae King, entitled to recover of the defendants, or either one of them?

"Answer: $3,000.00.

"6. What damages, if anything, is Mrs. Irene Bailey King entitled to recover of the defendants, or either one of them?

"Answer: $250.00.

"7. What damages, if anything, is Herman H. King entitled to recover of the defendants, or either of them, on account of monies expended by him as a direct result of the injuries to and death of Katherine Mae King?

"Answer: $707.99."

The court entered judgment on the verdict and defendants excepted and appealed.

*William H. Murdock, Victor S. Bryant, and Robert I. Lipton for plaintiff appellees.*

*Robert M. Gantt for defendant appellants.*

BARNHILL, J. That a complaint must be liberally construed is axiomatic with us and requires no citation of authority. The rule is ordinarily invoked and is consistently applied when the sufficiency of a pleading is challenged by demurrer. But this does not mean that the pleader may dispense with the certainty, regularity, and uniformity which is essential in every system adopted for the administration of justice. The plaintiff must state his cause of action with the same substantial certainty as was required at common law. *Oates v. Gray.* 66 N. C., 442.

The notion that the code of civil procedure is without order or certainty and that any pleading, however loose or irregular, may be upheld is erroneous. *Webb v. Hicks,* 116 N. C., 598.

While the pleadings are to be construed liberally they are to be so construed as to give the defendant an opportunity to know the grounds upon which he is charged with liability. *Thomason v. R. R.,* 142 N. C., 318; *McLaurin v. Cronly,* 90 N. C., 50.

"The facts should be so stated as to leave the defendant in no doubt as to the alleged cause of action against him, so that he may know how

to answer, and what defense to make." *Hussey v. R. R.,* 98 N. C., 34; *Taylor v. R. R.,* 145 N. C., 400.

When the plaintiff seeks to recover in one action on two or more causes of action, he must state each cause of action separately, setting out in each the facts upon which that cause of action rests. G. S. 1-123; Rule 20 (2), Rules of Practice in the Supreme Court, 221 N. C., 557. See also Rule 19, *ibid.,* 553; McIntosh, P. & P., 442.

It is to be noted that while the provision of the statute requiring each cause of action to be stated separately, as printed in G. S., 1-123, is so arranged as to make it appear that it relates only to subsection 7, the history of the statute, as well as the language used, indicates that it applies to each and every case in which two or more causes of action are joined in the same complaint. The last sentence in G. S. 1-123 (7), to wit: "But the causes of action so united must all belong to one of these classes, and, except in actions for the foreclosure of mortgages, must affect all the parties to the action, and not require different places of trial, and must be separately stated.", appears in a separate and distinct paragraph following subsection 7 in the original Code of Civil Procedure and in all other codifications of the Act. The error in printing first occurred in Michie's unofficial codes. The codifiers of the General Statutes apparently followed the unofficial rather than the official codes. Revisal, sec. 469; Code, sec. 267; C.C.P., sec. 126; C. S., 507. See also Clark, Code of Civil Procedure Annotated, p. 286, and the Code with Notes and Decisions, by Tourgee, p. 115.

Here the complaints are cast in tort to recover damages resulting from the alleged negligence of the defendants. It is apparent they were prepared with that theory of defendants' liability in mind. There is no second cause of action stated. No reference is made to any implied warranty or to any breach thereof. In the Irene Bailey King complaint she does allege:

"13. That as a result of the defendants' negligence and breach of warranty as hereinbefore set forth, this plaintiff was damaged . . ."

This is the only reference she makes to any warranty and this allegation is not contained in the other complaints. In all, the proximate cause of the injuries received is repeatedly alleged to have been the negligence of the defendants.

It was upon this theory the evidence was offered. But when plaintiffs failed to make out a case of negligence, the court below submitted the issues which appear of record. Thus the defendants went into court to defend an action in tort for negligence and, although they won that action, they came out of court with a judgment against them for breach of warranty.

Whether the issues submitted are sufficient to sustain a judgment on a cause of action for breach of an implied warranty we need not now decide, for we are of the opinion that the complaints, on this record, do not state any cause of action *ex contractu* and did not serve to put the defendants on notice that they were charged with liability for breach of implied warranty. They should not be compelled to answer in damages upon any cause of action of which they had not been given prior notice and an opportunity to prepare their defense.

In applying the rule of liberal construction, due regard must be had to the right of defendants to this notice and opportunity. It is a right to which they are entitled and of which they may not be deprived under the guise of any rule of construction.

It is not sufficient that the plaintiffs have a cause of action and can prove it; they must first plead it, then prove it. *McLaurin v. Cronly, supra*.

*Williams v. Elson*, 218 N. C., 157, 10 S. E. (2d), 668, upon which plaintiffs rely, is distinguishable. There, breach of warranty was clearly and definitely alleged.

For the reasons stated the verdict and judgment must be vacated. This leaves the plaintiffs at liberty to seek redress for breach of implied warranty if so advised.

The judgment below is

Reversed.