COY L. GUY, T. H. GARDNER, D. A. LANGDON, OLLIE WILLIFORD, A. D. NORDAN AND R. C. WILLIAMS, JR., v. LOUIS BAER AND WIFE, SADIE BAER, WILLIE MOFF AND WIFE, PEARL B. MOFF, J. R. OWEN AND J. K. ADAMS, JR.

(Filed 17 October, 1951.)

**1. Pleadings § 3a—**

The complaint must contain a plain and concise statement of every material, essential, and ultimate fact which constitutes the cause of action without unnecessary repetition and with each material allegation distinctly numbered, but it should not contain allegations of evidentiary facts tending to establish the ultimate and issuable facts.  G.S. 1-122.

**2. Pleadings § 31—**

Allegations of facts and circumstances which allegedly induced one of defendants to approach plaintiffs for the purpose of making the agreement attacked are properly stricken on motion for irrelevancy, the cause being founded solely on transactions subsequent to that time.

**3. Same: Escrow § 4—**

In an action to annul certain contracts and to recover money paid under certain checks on the ground that the papers were wrongfully obtained by defendants in breach of the terms of an escrow agreement, and that the contracts were wrongfully altered and enlarged while in escrow, *held*, allegations as to the purpose and intent of the delivery in escrow and allegations that defendants, without the consent of plaintiffs, altered the contracts after they were delivered in escrow and before the terms of the conditional delivery were fulfilled, are essential elements of the cause of action and are improperly stricken upon motion of defendants.

**4. Pleadings § 3a—**

Allegations of a first cause of action may not be incorporated into that part of the complaint stating the second cause of action merely by referring to the number of the particular paragraphs of the first cause of action considered pertinent.

**5. Pleadings § 31—**

Where, in an action attacking the validity of contracts and to recover money paid thereunder, the complaint states one cause of action based upon delivery of the contracts in breach of escrow agreement, and a second cause of action based upon fraud in obtaining the execution of the contracts, motion to strike the allegations constituting the second cause of action on the ground that they are repetitious is properly denied.

APPEAL by plaintiffs and defendants from *Godwin, Special Judge,* April Term, 1951, HARNETT.

Civil action to vacate and annul certain paper writings and to recover money paid, heard on motion to strike certain portions of the pleadings.

There were negotiations between plaintiffs and defendant Owen, representing himself and the other defendants, relative to the lease of a tobacco

sales warehouse in Dunn by defendants Baer and Moff to plaintiffs and a sublease thereof to defendant Owen. As a result, plaintiffs and Owen met, and plaintiffs executed two paper writings the exact nature of which is not disclosed by the complaint. We must assume they were a contract of lease and a contract subletting the warehouse. It was understood at the time that Milton Stephenson and Ed Clayton, or two other parties acceptable to plaintiffs, should join with plaintiffs in executing said contracts and that the said contracts would be redrafted before they became effective. To that end the contracts were delivered to H. C. Strickland to be held in escrow until the contracts were redrafted in final form and the execution thereof was completed in accord with the agreement between the parties. Later, without the knowledge or consent of plaintiffs, the contracts were signed by defendants Owen and Adams in lieu of Stephenson and Clayton and delivered to defendants, who had them recorded in the registry of Harnett County.

At the time the contracts were placed in escrow, the plaintiffs each deposited in escrow upon the same conditions a check in the sum of $2,250—a total of $13,500. Neither the purpose of these checks nor the name or names of the payees is disclosed except that they were to show the good faith of plaintiffs.

The plaintiffs undertook to allege two causes of action: (1) that delivery of the contracts and checks was wrongfully obtained by defendants in breach of the terms of the escrow agreement and the contracts were wrongfully altered and enlarged, by reason of which they are void and of no effect; and (2) the execution of said contracts by plaintiffs was obtained by the false pretense and fraud of the defendants as set out in the complaint.

They pray cancellation of the contracts and recovery of the amounts wrongfully obtained by defendants through the use of the checks delivered by plaintiffs to Strickland.

Defendants, before answering, moved to strike from the statement of the first cause of action all of paragraphs 5, 6, and 7, and all of paragraph 10, except the first ten lines thereof; paragraph (c) and the last paragraph of allegation number 12, for that said allegations are irrelevant, repetitious and redundant. They also move to strike all of the purported second cause of action for that it is merely repetitious of the first cause of action and fails to state any new grounds for relief.

The court entered its order striking the allegations in the first cause of action in accord with the motion and also the numerals "5, 6, and 7" in paragraph (1) of the second cause of action "in order that said Paragraphs . . . may not be restated in said Second Cause of Action." The plaintiffs excepted and appealed. Defendants excepted to the refusal of the court to strike all of the alleged second cause of action and appealed.

*I. R. Williams and Neill McK. Salmon for plaintiff appellants.*

*Smith, Leach & Anderson, James K. Dorsett, Jr., and Wilson & Johnson for defendant appellees.*

BARNHILL, J. The complaint must contain a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition; and each material allegation must be distinctly numbered. G.S. 1-122.

The function of a complaint is not the narration of the evidence but the statement of the substantive and constituent facts upon which the plaintiffs' claim to relief is founded. *Winders v. Hill,* 141 N.C. 694; *Brown v. Hall,* 226 N.C. 732, 40 S.E. 2d 412. Hence, "the facts constituting a cause of action" required by the statute are the material, essential, and ultimate facts which constitute the cause of action—but not the evidence to prove them. With few exceptions only the facts to which the pertinent legal or equitable principles of law are to be applied are to be stated in the complaint. *Chason v. Marley,* 223 N.C. 738, 28 S.E. 2d 223, and cases cited; *Long v. Love,* 230 N.C. 535, 53 S.E. 2d 661.

When a good cause of action is thus stated, evidence of the facts alleged, including every material detail, fact, and circumstance tending to establish the ultimate and issuable facts, is admissible. But it does not follow that it is either necessary or proper to allege any and every fact, evidence of which will be competent at the hearing. *Chason v. Marley, supra.*

Observance of these rules in drafting a complaint is essential to good pleading and a well prepared complaint is most helpful both to the court and the jury. However, they are all too often honored in the breach. The defendants here assert, with some justification, that the complaint contains allegations of evidentiary, probative facts not essential to a statement of plaintiffs' alleged causes of action and which tend only to confuse.

The allegations contained in paragraphs 5, 6, and 7 of the first cause of action were properly stricken. They merely relate facts and circumstances which induced defendant Owen to approach plaintiffs and solicit them to execute the contracts in question. What happened after Owen contacted plaintiffs is the essential question. The other is merely unnecessary window dressing.

We do not, however, concur in the view of the court below that the latter part of paragraph 10 should be stricken. Here the plaintiffs allege the purpose and intent of the delivery in escrow. Upon these facts the plaintiffs, in part, base their first cause of action. Nor was it proper to strike subsection (c) and the last paragraph of allegation number 12.

Allegation that defendants altered the contracts after they were delivered in escrow and before the terms of the conditional delivery were fulfilled, without the consent of the plaintiffs, constitutes the foundation stone upon which their right to relief must be made to rest.

The attempt to repeat in the statement of the second cause of action what is alleged in paragraphs 5, 6, and 7 of the first cause of action merely by referring to said paragraphs by number is violative of Rule 20 (2), Rules of Practice, 221 N.C. 557. Furthermore, these allegations are not essential to a statement of plaintiffs' second cause of action. The reference was properly stricken.

In that part of the complaint labeled "SECOND CAUSE OF ACTION" the plaintiffs allege a separate and distinct cause of action for fraud in the procurement of the execution by them of the contracts in question. Defendants' exception to the refusal of the court to strike the same is without substantial merit. In this connection, however, we may note that the allegations in paragraphs 5 and 6 in the second cause of action have no real relation to the cause of action therein stated. They more properly relate to the first cause of action and in that respect are largely repetitious.

A complete reformation of the pleadings would not be ill advised.

Let the costs be equally divided between plaintiffs and defendants.

On plaintiffs' appeal: Modified and affirmed.

On defendants' appeal: Affirmed.