FRANK PARKER v. R. SHELTON WHITE AND WIFE ELIZABETH K. WHITE, BELVIDERE BUILDING COMPANY, C. L. LAWRENCE, TRUSTEE, AND FIRST-CITIZENS BANK & TRUST COMPANY.

(Filed 29 April, 1953.)

**1. Pleadings § 3a—**

If plaintiff seeks to recover in one action on two or more causes of action, each cause must be separately stated. Rule of Practice in the Supreme Court 20 (2).

**2. Same—**

The complaint should contain a concise statement of the ultimate facts constituting the cause of action, G.S. 1-122 (2), together with a demand for relief to which plaintiff supposes himself to be entitled, G.S. 1-122 (3), but should not contain a narration of the evidential facts.

**3. Same—**

The complaint should not leave defendant in doubt as to the cause of action alleged against him but must sufficiently advise him so that he may know how to answer and what defense to make.

**4. Pleadings § 19c—**

The rule that the complaint must be liberally construed upon demurrer does not mean that plaintiff may dispense with the certainty, regularity and uniformity essential to an orderly administration of justice.

**5. Same—**

It being impossible to determine with any degree of certainty from the complaint, together with the prayer for judgment, the nature of the cause of action upon which plaintiff relies or whether more than one cause of action is sought to be set up therein, the judgment overruling defendants' demurrer is reversed and the cause remanded with direction that plaintiff be granted a reasonable time in which to reform and redraft his complaint.

APPEAL by defendants from *Nimocks, J.,* October Term, 1952, WAKE. Reversed.

Civil action heard on demurrer. The demurrer was overruled and defendants excepted and appealed.

*Simms & Simms for plaintiff appellee.*

*Smith, Leach, Anderson & Dorsett for defendant appellants.*

BARNHILL, J. The complaint must contain "a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition . . ." G.S. 1-122 (2); *Guy v. Baer,* 234 N.C. 276, 67 S.E. 2d 47. It must likewise contain a demand for the relief to which the plaintiff supposes himself entitled. G.S. 1-122 (3). If the plaintiff seeks to recover in one action on two or more causes of action, each cause must be separately stated. Rule 20 (2). Rules of Practice in the Supreme Court, 221 N.C. 557; *King v. Coley,* 229 N.C. 258, 49 S.E. 2d 648.

The function of a complaint is not the narration of the evidence but the statement of the substantive and constituent facts upon which the plaintiff's claim to relief is founded. *Guy v. Baer, supra.* Only the facts to which the pertinent legal or equitable principles of law are to be applied should be stated. *Spain v. Brown,* 236 N.C. 355. "The facts should be so stated as to leave the defendant in no doubt as to the alleged cause of action against him, so that he may know how to answer and what defense to make." *Hussey v. R. R.,* 98 N.C. 34; *Taylor v. R. R.,* 145 N.C. 400; *King v. Coley, supra.*

"Observance of these rules in drafting a complaint is essential to good pleading and a well prepared complaint is most helpful both to the court

and the jury. However, they are all too often honored in the breach."
*Guy v. Baer, supra.* Such is the case here.

For us to attempt to summarize the multitudinous allegations in the
complaint would serve only to render this opinion unnecessarily long. It
consumes eighteen pages of the mimeographed record and consists of
allegations, mostly evidentiary in nature, concerning acts and trans-
actions extending from 1933 to sometime in 1951 without any attempt to
state separately more than one cause of action, if indeed plaintiff so
intended.

Suffice it to say that it contains allegations that plaintiff's father pur-
chased a certain tract of land and plaintiff thereafter purchased the same
from his father about 1933. This is followed by (1) a detailed account
of plaintiff's efforts and expenditures over a period of approximately
seventeen years to improve and develop said land for sale in lots and his
ambitious plans for such development; (2) a detailed account of negotia-
tions between plaintiff and defendant White for the sale of twenty acres
of said land to White and various and sundry promissory representations
made by White during such negotiations; (3) allegation of the sale to
White of the said twenty acres in reliance on such promissory representa-
tions; (4) allegations of plaintiff's extended efforts to get information
respecting White's plans for developing the property purchased by him
and numerous promises and representations made by White in respect
thereto; (5) appointment of plaintiff as representative of the U. S.
Government as a part of the "Good Neighbor" policy; his extended trip
to El Salvador, and his fruitless efforts while there to get information
from defendant; (6) allegations as to the organization of the corporate
defendant as a stooge or dummy corporation owned and dominated by
White through which White effected nefarious breaches of promissory
representations made to plaintiff; (7) allegations of various and sundry
actions of defendants in development of land purchased by White in
violation of the promissory representations made prior to the execution
of the deed to him; (8) allegations that the water main installed by
plaintiff was damaged or destroyed, the location of the streets across the
land sold was changed, and a lake on plaintiff's land was contaminated.

We have read and reread this complaint in a fruitless effort to discover
just what legal right plaintiff seeks to assert or what wrong he seeks to
redress. In an amendment to the original complaint he alleges that the
reservation of certain easements agreed upon in the preliminary negotia-
tions was omitted from the deed from plaintiff to White by mutual mis-
take, but in a later amendment this allegation is stricken.

In the course of the oral argument, counsel for plaintiff stated that
plaintiff was relying on fraud in the procurement of the deed in question.
This position is untenable for the reason it is not alleged that White,

at the time he made the pleaded promissory representations, had no intention to execute his promises but made them for the purpose and with the intent to deceive and defraud plaintiff. Furthermore, plaintiff does not seek a cancellation of the deed.

Not being able to determine with any degree of certainty, from the body of the complaint, the nature of the cause of action upon which plaintiff relies, we turned hopefully to his prayer for relief for enlightenment, but we find his prayer as general and indefinite as the complaint. It is as follows:

"WHEREFORE, the plaintiff prays the judgment of the court for relief as hereinbefore set forth in detail in this complaint and for all such other and further relief as may be proper and necessary to protect the rights of the plaintiff, both in law and in equity, and that plaintiff recover of the defendants the cost of the action."

It appears, therefore, that what is said in *King v. Coley, supra,* may be aptly applied here.

"That a complaint must be liberally construed is axiomatic with us and requires no citation of authority. The rule is ordinarily invoked and is consistently applied when the sufficiency of a pleading is challenged by demurrer. But this does not mean that the pleader may dispense with the certainty, regularity, and uniformity which is essential in every system adopted for the administration of justice. The plaintiff must state his cause of action with the same substantial certainty as was required at common law. *Oates v. Gray,* 66 N.C. 442.

"The notion that the code of civil procedure is without order or certainty and that any pleading, however loose or irregular, may be upheld is erroneous. *Webb v. Hicks,* 116 N.C. 598."

The competency of evidence, the form of the issues, and the charge of the court are all controlled in very large measure by the nature of the cause of action alleged by plaintiff. Hence, the trial judge, as well as the defendant, must know the exact right plaintiff seeks to assert or the legal wrong for which he seeks redress before there can be any intelligent trial under the rules of procedure which govern our system of jurisprudence.

The complaint contains the germs of several causes of action. It may state some one cause of action. If so, its prolixity is such that we find it impossible to determine just what it is. And we are satisfied no judge could try the cause and frame the issues supposedly arising on the allegations made without committing error. Certainly this is true unless he submitted a score of issues directed to questions of fact rather than issues of fact—and a multiplicity of issues is the breeding ground of error.

Under the circumstances, therefore, we are constrained to reverse the judgment entered in the court below and remand the cause with direction that plaintiff be granted a reasonable time in which to reform and redraft

his complaint in conformity with this opinion and the rules relating to the form and contents of a complaint to which reference is herein made.
   Reversed.