## W. H. LARGE v. W. W. GARDNER.

(Filed 30 September, 1953.)

**Pleadings § 19b—Demurrer for misjoinder of causes of action held properly allowed.**

> Plaintiff's action was based on allegations that defendant cashed a check for him, that plaintiff put the money in his pocket without counting it, that several days later defendant, in company with the general manager of plaintiff's employer, accused plaintiff in a loud and threatening manner of getting a large sum of money from defendant. Plaintiff also alleged that the manager summarily discharged plaintiff because of the false accusations of defendant and that defendant thereafter had plaintiff arrested for false pretense. Plaintiff demanded damages for causing breach of plaintiff's contract of employment and also actual and punitive damages for malicious prosecution. *Held:* Defendant's demurrer for misjoinder of causes of action was properly sustained, with leave to plaintiff to file amended complaint.

ERVIN, J., dissenting.

JOHNSON and PARKER, JJ., concur in dissent.

APPEAL by plaintiff from *McLean, Special Judge,* May Term, 1953, of MADISON. Affirmed.

*Carl R. Stuart for plaintiff, appellant.*
*Charles Hutchins and W. E. Anglin for defendant, appellee.*

DEVIN, C. J. The question presented by this appeal is the sufficiency of the complaint to withstand the demurrer interposed by the defendant.

Without undertaking to set out the complaint in full, the substance of the allegations therein contained may be summarized as follows:

It is alleged that the plaintiff had entered into a contract of employment with Gennett Lumber Company to cut, skid and haul logs for which he received substantial compensation; that the Lumber Company paid plaintiff by check, and he customarily cashed these checks at the store of the defendant Gardner; that on Saturday, 8 August, 1952, plaintiff presented a check for $9.36, which, after some delay, defendant cashed and handed the money to plaintiff who put it in his pocket without counting it; that the following Thursday the defendant in company with the

general manager of the Lumber Company came to where plaintiff was at work and in a vicious and threatening manner accused plaintiff of getting $90 of defendant's money, and the manager of the Lumber Company joined with defendant in loud, boisterous and threatening manner for the purpose of intimidating the plaintiff, greatly humiliating and embarrassing the plaintiff by these false and unfounded charges; that thereupon the manager of the Lumber Company summarily discharged plaintiff, and the loss of his employment by the Lumber Company was due to the false accusations of the defendant, "causing the plaintiff to suffer to his great damage in the sum of $5,000."

Plaintiff further alleged that the defendant and the manager of the Lumber Company were working together with design to injure and damage the plaintiff, and that the defendant wrongfully, maliciously and without probable cause swore out a warrant falsely charging plaintiff with obtaining $90 by false pretense and caused plaintiff to be publicly arrested and put in jail; that thereafter the defendant caused the solicitor to send a bill of indictment to the grand jury charging plaintiff with feloniously taking defendant's money, but that the grand jury returned the bill not a true bill, and the action was dismissed.

Plaintiff alleged that the defendant by his wrongful and malicious conduct caused plaintiff to be held in disgrace and injured his reputation, and caused him to suffer anguish of mind "all to his great damage in the sum of $10,000 punitive damages and $5,000 actual damages"; that the action of the defendant in causing warrant to issue and the plaintiff to be arrested was without justification or probable cause and was prompted by malice and for the purpose of destroying plaintiff's reputation and business.

The prayer for relief was "(1) that he recover of the defendant $5,000 for the breach of the contract caused by the said defendant between plaintiff and the Gennett Lumber Company; (2) that he recover of defendant $10,000 as punitive damages, and (3) that he recover of defendant $5,000 as compensatory damages."

The defendant demurred on the ground that the complaint does not state a cause of action, and that the purported causes of action are not set out separately, and that unrelated causes are joined and put together in such manner that it is impossible to answer with precision.

The court sustained the demurrer for misjoinder of causes of action and allowed the plaintiff 30 days in which to file amended complaint. The plaintiff appealed to this Court.

While the plaintiff has set out in some detail allegations of tortious conduct on the part of the defendant, it is apparent that the complaint is faulty and does not measure up to the requirements of good pleading as pointed out in *Parker v. White*, 237 N.C. 607, 75 S.E. 2d 615. The plain-

tiff has attempted to set up several unrelated causes of action with demand for recovery of damages on several different grounds.

The ruling of the court below in sustaining the demurrer and allowing plaintiff time to file amended complaint is affirmed, and the cause is remanded with directions that plaintiff be granted reasonable time within which to file an amended complaint setting out definitely and succinctly the cause of action upon which he wishes to rely.

Judgment affirmed.

ERVIN, J., dissenting: The complaint leaves much to be desired in plainness and conciseness of statement. In my judgment, however, it can be construed to state a cause of action for malicious prosecution. *Abernethy v. Burns,* 210 N.C. 636, 188 S.E. 97. As a consequence, I vote to reverse the ruling on the demurrer.

JOHNSON and PARKER, JJ., concur in dissent.