## W. H. FOUST v. CITY OF DURHAM.

(Filed 15 January, 1954.)

**1. Pleadings § 15—**

In passing upon a demurrer, the court is confined to a consideration of the complaint without reference to any fact not alleged therein.

**2. Municipal Corporations § 12—**

A municipality may not present the defense of governmental immunity by demurring unless the facts alleged in the complaint disclose that the acts complained of were committed by it in furtherance of a governmental function.

**3. Same—**

This action was instituted to recover damages resulting to plaintiff's goods stored in a basement when the basement was flooded with water from defendant municipality's main. Plaintiff alleged that the city owned and operated its water system in its proprietary capacity. *Held:* The allegation is not a mere conclusion, but is an allegation of an ultimate fact admitted by the demurrer.

**4. Pleadings § 3a—**

Ordinarily the complaint should state the material and ultimate facts upon which plaintiff's rights depend, and should not include allegation of evidentiary facts.

APPEAL by defendant from *Carr, J.,* September Term, 1953, DURHAM. Affirmed.

Civil action *ex delicto* to recover compensation for damages to personal property, heard on demurrer.

The plaintiff in his complaint alleges in substance that (1) on 11 March 1953 he had stored in the basement of Hopper's Jewelry Store, located on West Main Street in Durham, numerous articles of personal property; (2) defendant is a municipal corporation; (3) it owns and operates, in its proprietary capacity, a water department and supply mains for the purpose of supplying, and does supply water to the inhabitants of the city as a business enterprise for profit; (4) in connection with its water works system it maintains a ten-inch water main, over sixty years old, under the surface of West Main Street, for the purpose of supplying water to its citizens; (6) on 11 March 1953, this water main burst, as a result of which water in large volume escaped to the surface of the street and flooded the basement of the mercantile building where he had his personal property stored; (7) as a result thereof, his property was damaged to the amount of $1,243.15; and (8) he gave timely notice of his claim to defendant.

He further alleges that the bursting of the water main was due to the negligence of the defendant in the particulars detailed in the complaint, and that after notice of the situation, the defendant (1) negligently failed to cut off the supply of water to said main, thus increasing the flooded condition of the store; (2) failed to exercise due diligence in removing the water from the basement; and that (3) the negligence alleged was the sole proximate cause of the damage to his property. He prays judgment in the sum of $1,243.15.

The defendant appeared and demurred to the complaint for that the complaint fails to state a cause of action for the reason the city, in committing the acts complained of, was acting in its governmental capacity, and is therefore exempt from liability.

The court below overruled the demurrer and defendant excepted and appealed.

*A. A. McDonald and Victor S. Bryant, Jr., for plaintiff appellee.*
*Claude V. Jones for defendant appellant.*

BARNHILL, J. Defendant relies on the doctrine of governmental immunity, and both parties quote from the charter of the city. But in reviewing a judgment overruling a demurrer, we are confined to a consideration of the complaint, without reference to any fact not alleged therein. *Towery v. Dairy,* 237 N.C. 544, 75 S.E. 2d 534. Unless the facts alleged disclose, as a matter of law, that the acts complained of were committed in furtherance of a governmental function, governmental immunity is an affirmative defense which may not be presented for deci-

sion by demurrer. *White v. Charlotte,* 209 N.C. 573, 183 S.E. 730. And here there is no allegation that the main that burst was a "trunk water main" or that it was and is maintained for any purpose other than to deliver to its customers water for which it makes a charge and from which it realizes a profit. These allegations will not justify or support a reasonable inference that the main was and is maintained in promoting the public health, or sanitation, or fire protection. *White v. Charlotte, supra.* That is a question that will be presented for decision at the trial.

The defendant in its brief contends that the allegations in the complaint that defendant operates its water works system in its proprietary capacity for the purpose of supplying water to the inhabitants of the city for profit is a mere conclusion not admitted by the demurrer. We do not so construe it.

Subject to certain exceptions, the rules relating to the contents of a complaint limit the facts to be alleged to the material, ultimate facts upon which the plaintiff's rights depend. *Parker v. White,* 237 N.C. 607, 75 S.E. 2d 615; *Wilmington v. Schult,* 228 N.C. 285, 45 S.E. 2d 364; *Guy v. Baer,* 234 N.C. 276, 67 S.E. 2d 47. A plaintiff should refrain from including in his complaint facts which are purely evidentiary in nature. *Guy v. Baer, supra; Chason v. Marley,* 223 N.C. 738, 28 S.E. 2d 223.

Here plaintiff has adhered to this salutary rule of pleading. If, at the trial of this cause, he produces competent evidence of the ultimate facts alleged, he will have made out a case for the jury. His allegations are sufficient to entitle him to an opportunity to offer his testimony in support thereof. Determination of its sufficiency must await the trial. *Munick v. Durham,* 181 N.C. 188, 106 S.E. 665; *Mintz v. Murphy,* 235 N.C. 304, 69 S.E. 2d 849. See also *Rhodes v. Asheville,* 230 N.C. 134, 52 S.E. 2d 371, and cases there cited.

*McKinney v. High Point,* 237 N.C. 66, 74 S.E. 2d 440, and the other decisions cited and relied on by defendant are distinguishable.

The judgment overruling the demurrer is

Affirmed.