WESLEY G. HEATH v. ALBERT T. KIRKMAN and L. JOHN KIRBY, t/a KIRK'S SINEATH MOTOR COMPANY, and WILLIAM ATKINS.

(Filed 19 May, 1954.)

**1. Pleadings § 19b—**

If two or more causes of action are compounded in the complaint and not separately stated, demurrer should be sustained. G.S. 1-123, G.S. 1-127, Rule of Practice in the Supreme Court, No. 20 (2).

**2. Same—**

In this action to recover for personal injuries resulting from negligence, plaintiff alleged, in addition to the facts relied on as constituting the action for negligence, facts tending to show false arrest and malicious prosecution as bearing on the issue of damages, but demanded no separate recovery therefor, *Held:* The complaint states but a single cause of action and the intimations of additional causes of action will be treated as mere embellishments and not germane to the cause of action stated, and therefore demurrer for misjoinder of causes is properly overruled.

**3. Negligence § 16: Pleadings § 30—**

In this action to recover for negligent injury, allegations referring to the defendant driver of the vehicle by the nickname of "Wild Bill" and allegations by way of explanation as to how the driver acquired the nickname, unrelated to any allegations that defendant employers had knowledge that the driver customarily operated vehicles in a negligent manner and that they knowingly permitted him to operate the vehicle in question on the occasion referred to, were properly stricken upon motion.

**4. Automobiles § 23b—**

The owner of a motor vehicle who entrusts its operation to a person whom he knows, or by the exercise of due care should have known, to be an incompetent or reckless driver, is liable for such person's negligent operation of the vehicle upon the principle that the owner is negligent in entrusting its operation to such person.

**5. Same: Negligence § 16: Pleadings § 30—**

Where plaintiff alleges liability under the doctrine of *respondeat superior*, and also alleges liability on the principle that defendant employers were negligent in permitting a person to drive their vehicle who was known by them to be an incompetent and reckless driver, the allegations as to the known recklessness of the driver are relevant if the allegations relating to *respondeat superior* are denied, and such allegations will not be stricken upon motion prior to the filing of an answer, since upon such motion the court will not attempt to chart the course of the trial.

**6. Damages § 6—**

A person who has been injured by the negligent act of another is entitled to recover all damages naturally and proximately resulting from the negligent act in suit, including, ordinarily, injuries resulting from delay in receiving proper medical treatment as well as injuries caused by unsuccessful medical treatment which tend to aggravate the damages for which the wrongdoer is responsible.

**7. Same: Negligence § 16: Pleadings § 30—**

In an action to recover for negligent injury, allegations tending to show circumstances in respect to where the injured plaintiff was, and in respect to his physical condition from the time of his injury until the time he received proper medical treatment, may be competent for the purpose of establishing damages resulting from delay in receiving proper medical attention, but allegations tending to establish false arrest or malicious prosecution instigated by defendants, resulting in plaintiff being taken to jail after injury, should be stricken on motion as irrelevant to the cause of action for negligent injury.

**8. Same: Damages § 7—**

Punitive damages for personal injury depend upon the circumstances under which the injury was inflicted and not upon occurrences subsequent thereto, and therefore allegations relating to false arrest and malicious prosecution subsequent to the infliction of the injury cannot be germane to the issue of punitive damages.

CROSS-APPEALS by plaintiff and by defendants from *Clarkson, J.,* 1 March, 1954, Civil Term, of GUILFORD.

Civil action to recover damages for personal injuries.

The gist of the allegations of the complaint may be stated as follows:

1. Defendants Kirkman and Kirby, partners trading as Kirk's Sineath Motor Company, owned and used as part of their business equipment a motor vehicle described as a wrecker, which was operated by their employee, defendant Atkins, when answering service calls.

2. On 12 December, 1952, about 10:30 P.M., plaintiff, who was unable to start his automobile, telephoned Kirk's Sineath Motor Company, requesting that they send someone to help him start his car, advising that he would be waiting at a designated service station.

3. In response to plaintiff's request, defendant Atkins "was sent" out, operating the wrecker, to aid plaintiff; and he so operated the wrecker as employee of his codefendants within the scope of his employment and in furtherance of his employers' business.

4. Plaintiff was standing near the front of the designated service station, plainly visible to defendant Atkins as he approached and turned into the service station "in a normal, ordinary manner"; and "while plaintiff remained standing where he was, the driver of the wrecker . . . suddenly and without warning to the plaintiff and at a time when the front of the wrecker was so close to the plaintiff that it was impossible for the plaintiff to move and avoid being struck, carelessly, negligently and recklessly turned the wrecker toward the plaintiff, struck him and knocked him down, severely injuring him . . ."

5. As the proximate result of the wrongful conduct of defendants, plaintiff is entitled to recover compensatory damages in the amount of $146,155.70 and punitive damages in the amount of $10,000.00  The compensatory damages consist of medical, hospital, etc., bills and expenses of $4,830.70; loss of earnings of $3,825.00; prospective loss of earnings of $62,500.00; and pain and suffering, past, present and prospective, of $75,000.00.

Other allegations of the complaint will be set forth in the opinion.

Defendant, within the statutory time, moved to strike designated allegations of the complaint. Thereafter, also within the statutory time, defendants demurred to the complaint, specifying as ground for demurrer a misjoinder of parties and of causes of action and also a misjoinder of causes of action. The court below overruled the demurrer. Defendants excepted. The court below allowed the motion to strike in part and denied it in part. Plaintiff and defendants excepted to each adverse ruling.

From the orders of the court below, implementing these rulings, both plaintiff and defendants appealed, assigning errors.

*Hines & Boren and Smith, Sapp, Moore & Smith for plaintiff, appellee and appellant.*

*Jordan & Wright for defendants, appellants and appellees.*

BOBBITT, J.   It is plain that the complaint states facts sufficient to constitute a cause of action for damages for personal injuries proximately caused by the negligence of defendants in operating the wrecker in such manner as to strike and injure plaintiff.

If more than one cause of action is stated, the complaint is subject to demurrer; for there is no attempt to state separately more than one cause of action.   In instances where plaintiff may unite in the same complaint two or more causes of action, each cause of action must be separately stated.   G.S. 1-123.   Demurrer is proper when it appears upon the face of the complaint that, "5. Several causes of action have been improperly united."   G.S. 1-127.   The quoted provision has been considered frequently when demurrer has been interposed on the ground that two or more *separately stated* causes of action have been improperly united in the same complaint.   It is equally applicable when a complaint alleges facts sufficient to constitute two or more causes of action but fails to state separately facts sufficient to constitute each cause of action.   G.S. 1-123; Rule 20 (2), Rules of Practice in the Supreme Court, 221 N.C. 557; *King v. Coley,* 229 N.C. 258, 49 S.E. 2d 648; *Parker v. White,* 237 N.C. 607, 75 S.E. 2d 615; *Large v. Gardner,* 238 N.C. 288, 77 S.E. 2d 617. Too, each separately stated cause of action must be complete within itself; and it is not permissible to incorporate by reference allegations set forth in another separately stated cause of action.   *Wrenn v. Graham,* 236 N.C. 719, 74 S.E. 2d 232; *Alexander v. Brown,* 236 N.C. 212, 72 S.E. 2d 522; *Guy v. Baer,* 234 N.C. 276, 67 S.E. 2d 47.

In the words of *Rodman, J.,* in *Land Co. v. Beatty,* 69 N.C. 329: "On examining the complaint we find that it does not profess to state more than one cause of action.   If in fact it states two it would be demurrable, because it compounds and does not state them separately."   Unless the contrary plainly appears, it will be assumed that a complaint that does not set forth separate statements of more than one cause of action is intended to allege a single cause of action and that intimations of other causes of action are mere embellishments and not germane to the cause of action constituting the heart of the complaint.

"If there are several causes of action alleged, the defendant may demur to each one separately, or he may demur to some and answer to the others, and if the demurrer should be sustained to any one cause it would not affect the others; but if a demurrer is interposed to the whole complaint and any one of the causes of action is good, the demurrer will be overruled."   McIntosh, N. C. P. & P. 463, and cases cited.   Insistence upon

separate statement of each cause of action is required in order to give practical effect to the defendant's right to demur to one cause of action and answer another.

It may be that the demurrer here was interposed as a precautionary measure, prompted by an apprehension that the court might consider that the complaint alleged facts sufficient, if deftly separated, to constitute two or more causes of action. But in our view, only one cause of action is alleged, namely, that stated above. Plaintiff, in his brief, states that the complaint "tends to prove a single, general right, one for injury to the person of the plaintiff." The elements of compensatory damages alleged are such as proximately resulted from personal injuries inflicted upon plaintiff when struck by the wrecker. There being but one cause of action, the order of the court below overruling demurrer was correct.

Upon consideration of the motion to strike, we restrict our discussion to what appear to be the more significant allegations. The applicable rules for our guidance are summarized by *Johnson, J.,* in *Daniel v. Gardner, ante,* 249, 81 S.E. 2d 660.

Plaintiff, in paragraph IV, alleges: "That the defendant William Atkins, due to careless and reckless propensities well known to his employers and co-defendants in the careless and reckless operation of motor vehicles and particularly the careless and reckless operation of the Kirk's Sineath Motor Company wrecker, was and is known by the descriptive appellation and nickname, 'Wild Bill' Atkins." From that point on, throughout the complaint, plaintiff, dropping all formality and reserve, repeatedly and familiarly refers to the defendant Atkins by use of the sobriquet, "Wild Bill." A nickname may be appropriate or may have originated in jest. In any event, the incompetence or past recklessness of a person in respect of the operation of motor vehicles cannot be proven by evidence tending to show his nickname.

We recognize the principle that the owner of a motor vehicle who entrusts its operation to a person whom he knows, or by the exercise of due care should have known, to be an incompetent or reckless driver, thereby becomes *liable* for such person's negligence in the operation thereof; and in such case the *liability* of the owner is predicated upon his own negligence in entrusting the operation of the motor vehicle to such a person. 60 C.J.S. p. 1057, Motor Vehicles, sec. 431; 5 Am. Jur. 696, Automobiles, sec. 355; *Bogen v. Bogen,* 220 N.C. 648, 18 S.E. 2d 162; *McIlroy v. Akers Motor Lines,* 229 N.C. 509, 50 S.E. 2d 530. This principle is applicable only when the plaintiff undertakes to cast *liability* on an owner not otherwise responsible for the conduct of the driver of the vehicle. But evidence of reputation for negligence or of acts of negligence on prior unrelated occasions is not competent to show that the

driver was negligent on the occasion of plaintiff's injury. *Robbins v. Alexander,* 219 N.C. 475, 14 S.E. 2d 425.

Paragraph IV is so phrased that the allegations thereof do not purport to state facts relevant in themselves but only by way of explanation of how the defendant Atkins, according to plaintiff's allegations, acquired the nickname of "Wild Bill." Apparently, the pleader's zeal to put the label of "Wild Bill" on the defendant Atkins diverted him from alleging facts that might have been included, *e.g.,* that the defendant Atkins, to the knowledge of his codefendants, had operated motor vehicles, including the wrecker, in a negligent and reckless manner, and that his codefendants knowingly permitted him to operate their said wrecker on the occasion referred to in the complaint. But paragraph IV must stand or fall as plaintiff has phrased it. As presently phrased, it was properly stricken from the complaint.

However, we do not perceive that plaintiff has been prejudiced by the ruling, for there remains in the complaint, as subparagraph (d) of paragraph XII the allegations: "The defendants Albert T. Kirkman and L. John Kirby, trading as Kirk's Sineath Motor Company, were negligent in having and retaining in their employ William Atkins and entrusting to him the operation of their wrecker, knowing of his reckless habits and disposition in the operation of motor vehicles generally and of their wrecker in particular."

The allegations of the complaint are explicit to the effect that Atkins on the occasion of plaintiff's injury was acting within the scope of his employment by his codefendants and in furtherance of their business. Of course, we cannot assume that such allegations of agency will be admitted when answers are filed. If admitted, the *liability* of the defendant employers would rest upon *respondeat superior;* and subparagraph (d) of paragraph XII would become irrelevant and prejudicial and should be stricken upon motion then made. On the other hand, if the allegations invoking *respondeat superior* are denied, the plaintiff should be allowed to amend his complaint so as to allege additional ultimate facts, such as indicated above, in conformity with the theory of liability set forth in subparagraph (d) of paragraph XII.

Plaintiff, in paragraph VIII, alleges, in part: "Plaintiff requested, and . . . Atkins . . . agreed, to go to a nearby filling station . . . to telephone for help, the plaintiff requesting . . . to call for an ambulance.

". . . Atkins did not call for an ambulance but immediately reported . . . the occurrence to Kirk's Sineath Motor Company, . . . that, pursuant to the telephone report from . . . Atkins, the representative of . . . Kirk's Sineath Motor Company called the North Carolina State Highway Patrol and requested that they go to the scene where plaintiff lay injured.

"Within about 15 minutes the State Patrol automobile arrived and the two men, Patrolman Boone and Patrolman Moore, were advised by the plaintiff that the wrecker had struck him and that he was seriously injured and requested that they take him to the hospital; the information to the State Patrolman and the request that he be carried to the hospital were in the presence of . . . Atkins; the two State Patrolmen thereupon raised the plaintiff, helped him into their vehicle and started into Greensboro, North Carolina."

Then follow extended allegations as to conversations and transactions between plaintiff and the officers, the substance being that the officers took him to the city jail in Greensboro rather than to a hospital and that he remained in jail until taken to a hospital the following morning.

Plaintiff, in paragraph IX, alleges: "Plaintiff was charged, by warrant, with public drunkenness. Plaintiff believes and alleges that the charge was instigated and, therefore, instituted by defendants. That the charge was maliciously made by the defendants and was without probable cause and for the ulterior purpose of covering up the wrongful conduct and negligent and reckless action of 'Wild Bill' Atkins in causing plaintiff's injury as hereinbefore and hereinafter alleged; that plaintiff was later tried in the Municipal-County Court of Greensboro on the charges and found not guilty."

Plaintiff does not allege that he received any new injury on account of any of the circumstances narrated in the allegations quoted above. When stripped of allegations of evidential facts, as distinguished from ultimate facts, the allegations relevant to plaintiff's cause of action tend to show delay in receiving proper medical treatment for his injuries. To the extent that plaintiff attempts to graft on his stated cause of action allegations of complicity in relation to his arrest, imprisonment and prosecution, these are not germane to the cause of action presently before the court. If entitled to recover at all, plaintiff is entitled to recover all damages naturally and proximately caused by the injuries inflicted upon him by the defendants in the operation of the wrecker. Evidence tending to show certain circumstances in respect of where he was and in respect of his physical condition from the time he was injured until he received proper medical treatment would be competent. However, the competency of evidence, on direct and on cross-examination, cannot be determined with precision until the defendants have answered and the evidence is developed. Explanation of what occurred during the delay would throw light upon whether plaintiff received new injuries inflicted by other persons and hence bear upon the subject of proximate cause of his damages. These are evidential matters and not ultimate facts. But the liability of the defendants, if any, does not spring from these intervening events. It began and remains on the basis of consequential damages for injuries sus-

tained by plaintiff when struck by the wrecker; and if delay in receiving proper medical treatment aggravated his injuries the defendants are accountable on the basis of damages naturally and proximately resulting from the tortious conduct upon which the suit is grounded.   Injuries resulting from delay in receiving proper medical treatment as well as injuries caused by unsuccessful medical treatment ordinarily tend to aggravate the damages for which the wrongdoer is responsible.   *Lane v. R. R.,* 192 N.C. 287, 134 S.E. 855, 51 A.L.R. 1114; *Bost v. Metcalfe,* 219 N.C. 607, 14 S.E. 2d 648.

All of the elements of compensatory damages plaintiff seeks to recover are comprehended by the oft stated rule as to the measure of damages in personal injury cases based on negligence.   *Ledford v. Lumber Co.,* 183 N.C. 614, 112 S.E. 421.

The allegations quoted from paragraphs IX and X are irrelevant and prejudicial and should have been stricken.   If plaintiff has a cause of action for false arrest, malicious prosecution or otherwise springing from facts suggested by these allegations, he may bring an independent action therefor.   In this action, the allegations tend only to divert attention from the real issues and generally to confuse rather than clarify the issues and trial.

The appeal does not present the question as to the sufficiency of the allegations to warrant submission of an issue of punitive damages.   Suffice it to say, decision of this question depends upon the circumstances giving rise to the alleged cause of action and not upon what occurred subsequent to the infliction of the personal injuries.

The result is : Upon plaintiff's appeal : The portion of the order of the court below striking allegations from the complaint is affirmed.   Upon defendants' appeal : The order of the court below overruling defendants' demurrer is affirmed.   The part of the order of the court below denying defendants' motion to strike is reversed and the challenged allegations are stricken, except as to subparagraph (d) of paragraph XII; and in respect to said subparagraph (d) the order of the court below is affirmed.

Plaintiff's appeal : Affirmed.

Defendants' appeal : Affirmed in part, reversed in part.