WILLIAM K. DAWKINS et al v. MARY JANE DAWKINS et al.

*Judicial Sale — Lapse of Time — Acquiescence — Judgment — Irregularity.*

1. The doctrine laid down in this case, 93 N. C., 283, reaffirmed.

2. Where heirs have received their share of the purchase money of land sold under an irregular order, either in the capacity of heirs or otherwise, they will be deemed to have acquiesced in the sale, and the Courts will not set it aside.

3. After the lapse of a long time parties interested will be presumed to have acquiesced in the order.

4. Courts will not compel a purchaser, at such irregular judicial sale, to surrender the land until he has been reimbursed the purchase money paid by him ; and if he has been in *possession* for a *long time under* such *title*, he will not be compelled to surrender it upon any terms, unless the parties show good cause for their delay in asking relief.

5. The proceedings of Courts should not be interfered with after long lapse of time, only for the *most weighty* reasons.

When this case was before this Court, by a former appeal (*Dawkins* v. *Dawkins*, 93 N. C., 283), some of the questions, both of law and fact, and some of the findings of fact, were so imperfectly presented by the record that the Court found it very difficult to reach satisfactory conclusions, and remanded it, with authority to the Court to allow amendments of the pleadings, and to do whatever it might deem necessary to relieve the case from embarrassment and meet the ends of justice, and it was especially directed, " that a reference may be had to ascertain whether any of the heirs of George Dawkins have received their shares of the purchase money paid into the office by Randolph McDonald, and, if so, who they are, and what amounts they have received, whether in full or in part of their shares, and if in part, what part, &c.

Afterwards, in the Court below, it was so referred, and the referee made report, the material part of which is as follows:

"An action was brought in the Superior Court of law for Richmond County, by the then C. & M. in Equity, to enforce collection of the purchase money on said bond, and judgment was rendered at Spring Term, 1874; the amount of said judgment was paid into the office of the Clerk of the Superior Court, on 30th October, 1874. None of this money has been paid to, or received by, the heirs of George Dawkins, Jr., as such.

"The following persons, who are parties to this action, have received the amounts as stated as heirs of Jesse Dawkins (their receipts in each case so expressing), to-wit: Wm. K. Dawkins received on Oct. 30, 1874, $143.10, in full of his share as heir of Jesse Dawkins and assignee of the interest of George Dawkins, Sr.; Sarah A. Dawkins received May 5, 1875, $48.44, in full of her share as an heir of Jesse Dawkins; S. S. Covington, Effy J. Covington, and Flora B. Caddell received August 10, 1875, $32.29$\frac{1}{3}$, in full of their shares as heirs of Jesse Dawkins; Mary Jane Dawkins, received May 3, 1876, $49.60, in full of her share as heir of Jesse Dawkins, and Margaret Ann Caddell received November 15, 1876, $16.14, in full of her share as heir of Jesse Dawkins."

Upon consideration of this report, the former orders and opinions of this Court, and the whole case, the Court dismissed the petition praying that the judgment therein mentioned be set aside. The petitioners having excepted, appealed.

*Messrs. Burwell & Walker,* (by brief) for plaintiffs.
*Mr. C. W. Tillett* (*Tillett & Jones*), (by brief) for defendants.

MERRIMON, C. J.—after stating the facts: Among other things, we said in the opinion in the former appeal in this

case, "but we do not now decide that the order of 1874 shall be vacated, for however irregular it may be, it may be sustained as a valid order if the heirs of George Dawkins have given their sanction to it by receiving their shares of the purchase money. It would be a gross injustice to the heirs and assignees of McDonald to set aside the order of 1874, and have the title made to them without a full indemnity to McDonald or his assignees; but, if they had offered, or were still to offer, the indemnity, we think their acquiescence in the original order would debar them from setting up any title to the land."

What is thus said rests upon the grounds that, if the heirs of George Dawkins, who, in his life-time, purchased the land in question, each received his share of the purchase money therefor, he must, on that account, be deemed and held to have impliedly assented to, and acquiesced in, the irregular order complained of, directing the title to the land to be made to Randolph McDonald, who paid the purchase money as surety for George Dawkins, the purchaser; and, also, upon the further ground of long acquiescence—ten years—without complaint or any notice of dissatisfaction on their part, so far as appears. It would be unjust in a high degree to allow the heirs to receive the purchase money and have the title to the same made to them without reimbursing the surety the purchase money he had paid; and, moreover, it seems to us that it would be unjust, after the surety had so paid the purchase money, and, under an irregular order of the Court, had obtained title to the land and had had possession of it for years, then to compel him to surrender the same upon receiving the money he had paid as such surety, unless this should be done for the most weighty considerations.

The Court will not allow parties to temporize, trifle and acquiesce in irregular proceedings in actions, taking benefit of them for an unreasonable length of time, to the prejudice

of other parties, especially after rights of third parties have supervened. In this case, so far as appears, there was no reasonable excuse for the long delay to move to set the judgment in question aside.

It is said that the petitioners did not receive the purchase money paid into Court by the surety, as heirs of George Dawkins, deceased, and this so appears from their respective receipts given for the same. But, nevertheless, they were heirs of George Dawkins, and each received his or her share of the purchase money of the land paid by Randolph McDonald, the surety of their ancestor, and this was the material fact. They could not avoid the consequences of receiving the money by a mere shift as to names and forms.

It is further insisted that the surety, Randolph McDonald, did not pay all the purchase money for the land. It does not appear, affirmatively, that he did; it appears that W. K. Dawkins paid $193.10 of it; but, whether he paid it on his own account, or as administrator of George Dawkins, deceased, does not appear affirmatively. It is singular and strange that no complaint was made on this account years ago, nor is any excuse shown for such long delay, nor is any explanation given now to show that some arrangement was not made, to the satisfaction of the parties interested, at the proper time and in the proper way. The order was acquiesced in for many years, and it must be taken that there was proper ground for it, else it would not have been, and interested parties having knowledge of it would not have allowed it to remain undisturbed for so long a period.

We trust that the petitioners have suffered no wrong in the matter of their motion, but if, by possibility, they have, it is because of their own laches. The proceedings of Courts are not to be disturbed, after a long lapse of time, for light causes, especially when the interested parties had knowledge of, and took benefit of them, directly or indirectly. It is

found as a fact that the parties—the petitioners—did not have "*legal* notice" of the order complained of, but it appears that they, in fact, knew of it, and received the purchase money that gave rise to it.

Affirmed.