WILLIAM W. JOHNSON AND LOIS F. JOHNSON, TRUSTEE V.
A. GLENDON JOHNSON.

(Filed 22 November, 1961.)

1. **Appeal and Error § 21—**

In the absence of exceptions to the court's findings of fact an appeal from the judgment entered by the court upon such findings presents only whether the findings support the order and whether error of law appears upon the face of the record.

2. **Appeal and Error § 35—**

The court will not take notice of matters appearing in another pending action between the parties when no part of the record in the other action is included in the record on appeal.

APPEAL by defendant from *Mintz, J.*, July 1, 1961, Civil Term, WAKE Superior Court.

This civil action was instituted by the plaintiffs on May 12, 1961, for the alleged purpose of dissolving Standard Homes Company, a partnership in which the parties hereto owned the following interests: William W. Johnson, 55 per cent; Lois F. Johnson, Trustee, 20 per cent; and A. Glendon Johnson, 25 per cent. The dissolution was prayed for upon the alleged ground that A. Glendon Johnson had violated the terms of the partnership agreement by attempting to assert control, direction, and management of the business and by refusing to perform the personal services which the partnership agreement required; and that the defendant's interference seriously embarrassed the management and jeopardized the success of the business. The plaintiffs prayed for an order of dissolution of the partnership and appointment of a receiver to dispose of it as a going concern and to account to the partners according to their respective interests.

The defendant filed a long, detailed answer, admitting in part and denying in part the allegations of the complaint. After hearing on June 16, 1961, Judge Carr made detailed findings of fact, entered an order dissolving the partnership, and appointed a temporary receiver. The defendant excepted and gave notice of appeal. He was allowed 60 days to serve his case. Thereafter, on July 28, 1961, after further hearing, Judge Mintz entered an order making the receivership permanent and enjoining the parties from interfering with the receiver's management of the business. The order provided: ". . . (this) order is entered without prejudice to the rights of the parties in another action pending in this court entitled '*A. Glendon Johnson v. William W. Johnson, et al.*', it being S. D. No. 14614."

The defendant excepted and appealed.

Robert A. Cotten, Dupree, Weaver, Horton & Cockman, By: F. T. Dupree, Jr., for plaintiffs, appellees.

A. Glendon Johnson, Pro Se, defendant, appellant.

PER CURIAM. The defendant does not challenge by exception any finding of fact made either by Judge Carr or Judge Mintz. The appeal, therefore, presents the question whether the findings support the orders and whether error of law appears upon the face of the record. The findings and the pleadings support the orders. No error of law appears.

The defendant, by brief and oral argument, insists this Court take notice of the issues raised in another civil action referred to in the order of Judge Mintz as S. D. 14614. No part of the record in that case is included in the record now before us. Reference to it is meaningless. The order entered by Judge Mintz provides it is without prejudice to the defendant's rights in the other case.

Affirmed.