A. GLENDON JOHNSON v.
WILLIAM W. JOHNSON AND LOIS F. JOHNSON, TRUSTEE.

(Filed 22 May 1963.)

**1. Pleadings § 19—**

Where there is no appeal from an order sustaining a demurrer to a pleading and granting the pleader time to amend, the ruling becomes the law of the case and the pleading can be made effective only by an amendment supplying the deficiencies.

**2. Pleadings § 34**

A motion to strike a pleading in its entirety and dismiss the action is in substance, if not in form, a demurrer to the pleading.

**3. Pleadings § 2—**

Plaintiff's pleadings should contain a statement of the substantive and constituent facts upon which plaintiff's claim to relief is based, and a prayer for the relief to which plaintiff supposes himself entitled, G.S. 1-122(2), G.S. 1-122(3), and should not contain a narration of the evidence.

**4. Pleadings § 12—**

A demurrer for failure of a pleading to state a cause of action admits only those facts properly pleaded and does not admit legal inferences and conclusions of the pleader.

**5. Same—**

The requirement that a pleading be liberally construed upon demurrer with a view to substantial justice between the parties does not warrant the court in reading into a pleading facts which it does not contain. G.S. 1-151.

**6. Contracts §§ 2, 25—**

In order to constitute a contract, the parties must assent to the same thing in the same sense, and therefore when the allegations of a pleading fail to disclose a definite agreement on the part of one of the parties to purchase the rights of the other, and a definite agreement on the part of the other to sell upon the terms and conditions stipulated, the pleading fails to set up an enforceable contract.

**7. Pleadings § 19—**

Repugnant allegations of a pleading destroy and neutralize each other, therefore where it is alleged in one paragraph that a party defendant agreed to sell her interest in a business upon specified terms and conditions, and in another paragraph it is alleged that it was agreed that such party should retain her interest in the business subject to the pleader's right to call for a sale at a later date, and in another paragraph that such party was to take stock in corporation to be formed to operate the business, the allegations neutralize each other, and the pleading fails to state a contract to sell.

**8. Trusts § 5—**

In an action against a trustee to enforce the trustee's agreement to sell an interest in a particular partnership, plaintiff must allege that the trustee had power to sell such interest.

**9. Pleadings § 19—**

Where the allegations of a pleading in regard to one of its causes of action are so irrelevant, immaterial, redundant, repugnant, and confusing as to affirmatively show that it constitutes a statement of a defective cause of action, such action is properly dismissed upon demurrer.

APPEAL by plaintiff from *Copeland, S.J.,* 28 January 1963 Assigned Civil Session of WAKE.

Civil action heard upon (1) a motion by plaintiff to reverse an order sustaining a demurrer; (2) a motion by defendant, Lois F. Johnson, trustee, to strike the pleading filed by plaintiff under date of 10 December 1962 entitled "Further Amendment to the Prior Amended Complaint and Amendment to Amended Complaint"; and (3) a motion by defendant, William W. Johnson, to strike certain portions of plaintiff's reply filed on 4 December 1962. Plaintiff's motion is not in the record, and consequently we do not know what order he refers to. Defendant William W. Johnson's motion is not in the record, and consequently we do not know what portion of plaintiff's reply he moved to strike. The court denied plaintiff's motion, and allowed the second and third motions without stating what was stricken out of paintiff's reply, and ordered that this action insofar as it relates to the defendant Lois F. Johnson, trustee, be dismissed. The court in its order decreed further: "The plaintiff is allowed thirty (30) days from this date in which to file a substitute reply to the first, second and third further answers and defenses of the defendant William W. Johnson on condition that in said substitute reply the plaintiff shall either admit or deny each of the allegations of said first, second and third further answers and defenses. Plaintiff shall also be allowed to plead such additional allegations, if any, as he may be advised, consistent with the practice of this Court, as may constitute a legal defense to the allegations of the defendant William W. Johnson's said pleadings." From the order allowing the motion of Lois F. Johnson, trustee, and dismissing the action as to her, plaintiff appeals.

*Lake, Boyce & Lake by Eugene Boyce for plaintiff appellant.*

*Dupree, Weaver, Horton & Cockman by F. T. Dupree, Jr. for defendant appellee, Lois F. Johnson, Trustee.*

PARKER, J. In fairness to plaintiff's counsel of record in the Supreme Court, it should be stated that in the statement of case on appeal it is said that plaintiff in person drafted all his pleadings, and up to the time of this appeal has acted as his own attorney. However, in Judge Copeland's order it is stated that an order had previously been entered allowing Phillip Ransdell to withdraw as plaintiff's counsel. There is no other reference to Phillip Ransdell in the record before us.

On 31 March 1961 plaintiff obtained an order from the court for an extension of time until 20 April 1961 to file a complaint, apparently against his brother William W. Johnson. In his application for such an order, he stated the purpose of the action was "to formally terminate the existing partnership, and/or readjust certain personal financial responsibilities for or of the operation of the partnership business, as requested by the defendant herein; and agreed to in principle by both parties hereto, made respectively plaintiff and defendant herein."

On 4 April 1961 he had summons in this action to issue.

On 18 April 1961 plaintiff filed a motion to make Lois F. Johnson, trustee, wife of his brother William W. Johnson, a party defendant on the ground "that she is in fact a party to the partnership, though not directly in the controversy, except as she received a 20% interest in the formation of the original partnership, and the court may wish to look into the matter of her interest in the partnership dissolution." Carr, J., entered an order granting his motion, and stated in the order, "Lois F. Johnson, trustee, would and should be a proper party to the partnership dissolution matter now before the court, and that making her a party hereto would be the legal method of providing her an opportunity to be heard, or her interest in the partnership properly protected."

The summons was served on 20 April 1961.

On 18 September 1961 plaintiff filed a complaint. This complaint is not in the record. Defendants filed a motion to strike certain portions of the complaint, which is not in the record. On 15 November 1961 Hooks, S.J., entered an order allowing the motion to strike in its entirety, and granting plaintiff 30 days in which to file an amended complaint. There is nothing in the record to indicate what this complaint alleged, or what was asked to be stricken, or what was stricken.

On 14 December 1961 plaintiff filed an amended complaint, representing a complete departure from the purpose of his original action as stated by him in his application to the court for an order granting him an extension of time in which to file a complaint. In his amended complaint he alleges in substance: Since the fall of 1938 he and his

brother William W. Johnson were partners doing business as a partnership under the name of Standard Homes Company on an informal, verbal basis as to work and division of proceeds. The latter part of 1953 a written partnership agreement was signed, and a 25% interest in North Carolina Standard Homes Company was relinquished to Lois F. Johnson as trustee for herself and their children. There was a clearly understood mutual agreement, that if either party became dissatisfied, the other would either buy or sell. When a disagreement arose in February 1961, William W. Johnson declared the partnership dissolved, suggested recourse to the buy-or-sell type of termination, and supplied figures for a price and terms to be followed in settlement. Plaintiff verbally contracted to buy, and defendants verbally agreed to sell all of their interests in the partnership at the price and according to the terms set forth by William W. Johnson. The terms of the verbal contract were: (1) The properties of Standard Homes Company were valued at $150,000.00; (2) William W. Johnson, owner of a 55% interest in the partnership, was to be paid $82,500.00, and Lois F. Johnson, as trustee, owner of a 20% interest, was to be paid $30,000.00; (3) a detailed statement of a cash down payment of 10% and of deferred payments in a mutual effort to eliminate the possibility of a capital gains tax. In keeping with the terms of the verbal contract, he made preparations for the down payment, and made "constructive tender thereof on March 27, 1961; and has been at all times since both willing and ready to make actual delivery of the down payment," but that on 29 March 1961, William W. Johnson told him he had decided not to sell, and Lois F. Johnson, trustee, told him she would have to abide by the decision of her husband, William W. Johnson. Thereafter, defendants instituted an action in the Wake County Superior Court for a dissolution of the partnership, to have a receiver appointed, and sell the business. (Note: In this action, the present plaintiff was defendant, and he appealed from an order making the receivership permanent. We affirmed. *Johnson v. Johnson*, 255 N.C. 719, 122 S.E. 2d 676.) The receiver is now conducting the affairs of Standard Homes Company. Wherefore, he prays that defendants be compelled to specifically perform their contract to sell to him their interest in the partnership, and that defendants be required to account to him for all profits earned by the partnership since 27 March 1961, and to refund to him any money received by them from the partnership since that date.

On 9 January 1962 defendants filed a motion to require plaintiff to make his complaint more specific by attaching to his complaint a copy of the partnership agreement, and to allege the exact terms, verbal or

written, as to their alleged offer to sell their interests in the partnership. On 10 January 1962 Mallard, J., entered an order allowing defendants' motion, and allowing plaintiff 20 days in which to comply with his order.

On 25 January 1962 plaintiff filed an amendment to his amended reply, in which he alleges the contract to sell by defendants was entered into after lengthy discussions and that "on March 25, 1961, the plaintiff advised both defendants that he had elected to buy the defendant William W. Johnson's interest in said partnership, *and the defendant Lois F. Johnson's interest if she desired to sell,* on the terms as set forth in paragraph 9 of the Amended Complaint previously filed in this action; that on said date, and at the same time, the defendant, William W. Johnson advised the plaintiff that he (WWJ) would have to consult a 'tax lawyer' regarding the capital gains or income resulting from the sale, but would give the plaintiff a definite answer on Monday, March 27, 1961; *that on Monday afternoon, March 27, 1961, the defendant Wm. W. Johnson advised the plaintiff that he would sell on the terms which they had tentatively agreed upon, which terms are set forth in Paragraph 9 of the plaintiff's Amended Complaint*\* \* \*."
(Emphasis supplied.) Plaintiff attached to this amendment a copy of the written partnership agreement. Then he filed an unverified "Further Reply to Order of January 10, 1962," in which he states it is conceivable Judge Mallard did not sufficiently "scrutinize (or analyze)" the motion presented to him, but in order to comply with his order he files three additional exhibits. The first one is a copy of a letter of William W. Johnson to him dated 1 March 1961, in which he discusses in a general way the value of the partnership, terms of a possible sale, how it could be paid for if sold to plaintiff, and in which he writes, "I have not discussed with Lois any price for the 20% but this might be left as an interest in the business." The second one is a long memorandum on dissolution of partnership submitted by plaintiff on 25 March 1961, which shows no acceptance by anyone, and in which he states he elects to buy. In this memorandum he states:

> "In view of indications that the seller, Wm. W. Johnson, may wish to do some 'second guessing' on paragraph 5 (ibid), it is suggested that this '20% — left as an interest in the business,' might be carried as '6%, participating, preferred' or '5%, cumulative, preferred' (or vice versa) stock in any corporation formed of the business; or, in the event of a decision by the seller, Wm. W. Johnson, to advise or direct his wife Lois to require the liquidation of her trust account interest in the business, somewhat

simultaneously with the liquidation of his own interest therein, &/or his management and control thereof, it is hereby suggested that the seller agree to reduce his personally required payments to $750 for 99⅓ months (8 yr., 3-⅓ mo.) and accept installments of $250 for 108 mo. (9 yrs), after a $3,000 (10%) down-payment, on his wife's Trustee Interest, — to maintain the principle and spirit of the originally proposed and hereby accepted offer of income to the seller and payments by the purchaser of 'about $1,000 per month.' "

The third one is an unsigned, so-called deed of settlement, wherein Mrs. Beulah Olive Johnson, mother of plaintiff and the male defendant, is named grantor, which is not in the form of a deed of settlement and refers to her farm. (Note: In plaintiff's pleadings and exhibits the interest of Lois F. Johnson, trustee, is sometimes spoken of as 20% and at other times as 25%.)

On 12 February 1962 Lois F. Johnson, trustee, demurred to plaintiff's amended complaint, and the amendment thereto, on the ground that it failed to state facts sufficient to constitute a cause of action against her, in that its allegations of fact show that she, as trustee, never agreed to sell her interest as trustee in the partnership, and never accepted any proposal of plaintiff to buy the same. On 12 November 1962 Copeland, J., entered an order sustaining her demurrer, and allowing plaintiff 30 days in which to file an amendment to his amended complaint as to defendant Lois F. Johnson, trustee. To this order plaintiff did not except.

On 10 December 1962 plaintiff filed what he terms "Further Amendment to the Prior Amended Complaint and Amendment to Amended Complaint," which is six pages in length. In this pleading, he alleges at great length "squabbles" with his brother, William W. Johnson, domestic difficulties between defendants, and the crying of his mother and defendants on his shoulder. He further alleges in substance that Lois F. Johnson offered to sell her interest in the business to him at any price and on any terms in any way comparable to the terms agreed upon between him and William W. Johnson, and that as an additional or alternate offer to be elected or determined by him, she would hold or permit her 20% interest in the business to remain as a minor partner in order to limit the burden of an excessive capital outlay by him, but subject to his call therefor at a later date. That he elected to buy the business and presented to both defendants a signed memorandum enumerating the terms of the business dissolution. William W. Johnson accepted the memorandum, subject to the opinion of a tax lawyer

on whether or not the provisions of the memorandum would hold up in its attempt to soften the bite of the capital gains tax. Lois F. Johnson accepted the fact of the sale and the term of the memorandum as written. He alleged in paragraph 7, in part:

> "That the language used by the plaintiff in his January 25, 1962 Amendment to his Amended Complaint was somewhat restricted by a request or demand that he give exact terms, words, or language of the alleged offer and acceptance of the parties to the agreement; and in the last major phrase (or part of a sentence) given at the bottom of page 1 of that paper, to-wit:
>
> > 'That on March 25, 1961, the plaintiff advised the defendants that he had elected to buy the defendant William W. Johnson's interest in said partnership, and the defendant Lois F. Johnson's interest if she desired to sell, on the terms set forth. . . .'
>
> it was the intent of the plaintiff to give as near as possible the exact ideas expressed that day* * *."

He alleged further in substance that William W. Johnson became enraged at his mother over a disagreement as to the nature and time of an assumed conveyance of the home place by her to him, and notified him in writing that he was not satisfied with his mother's arrangement on the realty matter and that he should forget about the partnership transfer until later. Then Lois F. Johnson told him she would have to abide by her husband's decision. He has been ready, willing and prepared to make the down payment required and to assume control of the business and carry out the contract. This pleading further alleges in substance: Defendants instead of complying with their contract swore falsely to untrue statements about the causes of the dissolution of the partnership, secured the appointment of a receiver for the partnership, and a sale of the business of the partnership at the courthouse door, thereby "placing the assets of the former partnership beyond the legal reach of this Court for purpose of permitting a required compliance in case of an Order, or Judgment for Specific Performance." Plaintiff ends this pleading as follows:

> "WHEREFORE, in addition to the prayers for relief sought in the prior pleadings of this case, and hereby included by this reference thereto, the plaintiff further prays the Court:
>
> "1. To reinstate the above-named defendant Lois F. Johnson, Trustee, as a proper party in the above-entitled action.
>
> "2. To adjudge the former partnership property now held by the defendants to be in law and fact held only in trust. * * *"

On 14 December 1962 defendant Lois F. Johnson, trustee, made a motion to strike plaintiff's "Further Amendment to the Prior Amended Complaint and Amendment to Amended Complaint," filed 10 December 1962, on the ground that the allegations of the pleading are irrelevant, immaterial and redundant; that they state merely conclusions on the part of the plaintiff; and that they do not state facts sufficient to constitute a cause of action against her. On 29 January 1963 Copeland, J., allowed her motion and decreed that this action as it relates to her be dismissed.

On 12 November 1962 Judge Copeland entered an order sustaining the demurrer of Lois F. Johnson, trustee, as to plaintiff's amended complaint, and the amendment thereto, on the ground it failed to state facts sufficient to constitute a cause of action against her, and allowed him 30 days to amend his complaint as to her. To this order plaintiff did not except, and from it he did not appeal. Thereupon, the ruling that the amended complaint, and the amendment thereto, failed to state a cause of action against her became the law of the case. Thereafter, plaintiff is compelled to rely on his "Further Amendment to the Prior Amended Complaint and Amendment to Amended Complaint" to maintain his action against Lois F. Johnson, trustee. *Webb v. Eggleston*, 228 N.C. 574, 46 S.E. 2d 700. So far as the record shows, defendant William W. Johnson did not demur to plaintiff's amended complaint, and the amendment thereto, and the record shows that he has filed at least three answers in this action.

Plaintiff has one assignment of error, based on one exception, and this is, he assigns as error the entry of Judge Copeland's order on 29 January 1963 allowing the motion of Lois F. Johnson, trustee, to strike his "Further Amendment to the Prior Amended Complaint and Amendment to Amended Complaint," and dismissing the action as it relates to her.

Her motion is in substance, if not in form, a demurrer to this pleading of plaintiff, and will so be considered. *Mercer v. Hilliard*, 249 N.C. 725, 107 S.E. 2d 554.

A complaint, or an amended complaint, must contain "a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition * * *." G.S. 1-122(2); *Parker v. White*, 237 N.C. 607, 75 S.E. 2d 615. It must likewise contain "a demand for the relief to which the plaintiff supposes himself entitled." G.S. 1-122(3); *Parker v. White, supra.*

The function of a complaint is not the narration of the evidence, but the statement of the substantive and constituent facts upon which the

plaintiff's claim to relief is based. *Guy v. Baer,* 234 N.C. 276, 67 S.E. 2d 47.

"A demurrer to a complaint for failure to state facts sufficient to constitute a cause of action admits the truth of every material fact properly alleged. [Citing authority.] However, it is to be noted that on demurrer only facts properly pleaded are to be considered, with legal inferences and conclusions of the pleader to be disregarded." *Lindley v. Yeatman,* 242 N.C. 145, 87 S.E. 2d 5. G.S. 1-151 requires us to construe the allegations of the challenged pleading liberally with a view to substantial justice between the parties.

Plaintiff's "Further Amendment to the Prior Amended Complaint and Amendment to Amended Complaint" is filled with allegations of fact which are irrelevant, immaterial, and redundant within the purview of the rules of pleading set forth in *Daniel v. Gardner,* 240 N.C. 249, 81 S.E. 2d 660. The same thing is true as to all of plaintiff's pleadings appearing in the record.

Construing plaintiff's "Further Amendment to the Prior Amended Complaint and Amendment to Amended Complaint," as we are required to do upon the demurrer's challenge, we fail to find therein any statement of facts tending to show an identity between plaintiff's alleged offer to buy the interest of Lois F. Johnson, trustee, in the partnership, and her alleged acceptance of his alleged offer to buy, or to show plaintiff and Lois F. Johnson, trustee, have assented to the same thing in the same sense, consequently there is no valid and enforceable contract to buy and sell. *Richardson v. Storage Co.,* 223 N.C. 344, 26 S.E. 2d 897, 149 A.L.R. 201.

This pleading alleges in one place she offered to sell her interest in the business to him at any price and on any terms in any way comparable to the terms agreed upon between plaintiff and her husband, or as an additional offer, to be elected or determined by him, she would hold or permit her 20% interest in the business to remain as a minor partner, subject to plaintiff's call at a later date. Further, this pleading says she accepted both the fact of the sale and the term of the memorandum as written by him. When we look at the memorandum submitted by plaintiff, a part of which is set forth verbatim above, it is stated therein that her 20% interest as trustee might be carried as preferred stock in any corporation formed of the business, or William W. Johnson might advise his wife to liquidate her interest as trustee in the partnership. This pleading also contains this language:

"That the language used by the plaintiff in his January 25, 1962 Amendment to his Amended Complaint was somewhat re-

stricted by a request or demand that he give exact terms, words, or language of the alleged offer and acceptance of the parties to the agreement; and in the last major phrase (or part of a sentence) given at the bottom of page 1 of that paper, to-wit:

'That on March 25, 1961, the plaintiff advised the defendants that he had elected to buy the defendant William W. Johnson's interest in said partnership, and the defendant Lois F. Johnson's interest if she desired to sell, on the terms set forth. . . .'

it was the intent of the plaintiff to give as near as possible the exact ideas expressed that day* * *."

When we read all of plaintiff's prior pleadings in the record, we find the same failure to allege facts tending to show a valid, enforceable contract between plaintiff and Lois F. Johnson, trustee, to buy and sell.

Further, in plaintiff's "Further Amendment to the Prior Amended Complaint and Amendment to Amended Complaint" we find repugnant allegations of fact in respect to plaintiff's alleged offer to buy the interest of Lois F. Johnson, trustee, in the partnership, and her alleged acceptance of the same, and repugnant allegations of fact destroy and neutralize each other, and when these are eliminated no allegations of fact are left sufficient to state a cause of action against Lois F. Johnson, trustee. While we are required to construe this pleading liberally, we are not permitted to read into it facts which it does not contain. *Thomas & Howard Co. v. Insurance Co.*, 241 N.C. 109, 84 S.E. 2d 337. The same is true in all of plaintiff's prior pleadings in the record in respect to Lois F. Johnson, trustee.

Further, there is nothing in all of plaintiff's pleadings to indicate that Lois F. Johnson, trustee, had any power to sell the trust property held by her in the partnership. *Maxwell v. Barringer*, 110 N.C. 76, 14 S.E. 516, 28 Am. St. Rep. 668; 54 Am. Jur., Trusts, sec. 433.

Plaintiff has a series of bizarre pleadings in the record before us as to Lois F. Johnson, trustee. At the beginning in his application for extension of time to file a complaint he states: "* * *the nature and purpose of this action are as folows: To formally terminate the existing partnership, and/or readjust certain personal financial responsibilities for or of the operation of the partnership business, as requested by the defendant herein; and agreed to in principle by both parties hereto, made respectively plaintiff and defendant herein." At that time the parties were plaintiff and his brother, William W. Johnson. Shortly thereafter plaintiff made a motion in the case to make Lois F. Johnson, trustee, a party and in this motion he states: "Lois F. Johnson, Trustee, is or may become a necessary party to this action, and

without whose presence in or before the Court a complete determination of the controversy, and of her interest therein, cannot be had, in that she is in fact a party to the partnership, though not directly in the controversy, except as she received a 20% interest in the formation of the original partnership, and the Court may wish to look into the matter of her interest in the partnership dissolution." Judge Carr entered an order allowing his motion on the ground that "Lois F. Johnson, Trustee, would and should be a proper party to the partnership dissolution matter now before the Court, and that making her a party hereto would be the legal method of providing her an opportunity to be heard, or her interest in the partnership properly protected." Shortly thereafter plaintiff filed his complaint and Judge Hooks entered an order allowing a motion by the defendants to strike certain paragraphs of plaintiff's complaint in its entirety, and allowed plaintiff to file an amended complaint. This complaint is not in the record, and what was stricken out of it is not in the record. Thereafter plaintiff filed an amended complaint in which he seeks specific performance of an alleged contract by defendants to sell to him their interest in the partnership. Judge Mallard entered an order requiring him to make this complaint more specific. Plaintiff then filed an amendment to the amended complaint and Judge Copeland entered an order sustaining the demurrer of Lois F. Johnson, trustee, to this complaint on the ground it failed to state facts sufficient to constitute a cause of action against her. To this ruling plaintiff did not except, and from it he did not appeal. Whereupon, plaintiff filed what he terms "Further Amendment to the Prior Amended Complaint and Amendment to the Amended Complaint." In this pleading he alleges in substance that the defendant had a receiver appointed for the alleged partnership and sold the business of the partnership at the courthouse door, and that the defendants have placed the assets of the former partnership beyond the legal reach of the court for purpose of permitting a required compliance in the case of an order for specific performance. In this last pleading plaintiff prays that the former partnership property now held by defendants to be in law and fact held only in trust. According to the allegations of fact of plaintiff's last pleading, the former partnership property has been sold by a receiver appointed by the court, and the former partnership property is not held by defendants.

A study of plaintiff's "Further Amendment to the Prior Amended Complaint and Amendment to Amended Complaint" with its prolixity, and with its irrelevant, immaterial, redundant, repugnant, and confusing allegations of fact affirmatively shows that it contains a statement of a defective cause of action against Lois F. Johnson, trustee, and

when her demurrer to it was sustained, it was proper to dismiss the action as to her. *Perrell v. Service Co.,* 248 N.C. 153, 102 S.E. 2d 785; Strong's N. C. Index, Vol. 3, Pleadings, p. 638. We are fortified in our opinion by all of plaintiff's prior pleadings, with their attached exhibits, in the record.

Judge Copeland's order entered on 29 January 1963 allowing the motion of Lois F. Johnson, trustee, to strike plaintiff's "Further Amendment to the Prior Amended Complaint and Amendment to Amended Complaint," and decreeing that plaintiff's action as to Lois F. Johnson, trustee, be dismissed is

Affirmed.