## A. GLENDON JOHNSON v. WILLIAM W. JOHNSON.

(Filed 20 May, 1964.)

**1. Appeal and Error § 49—**

Findings of fact supported by competent evidence are conclusive on appeal.

**2. Estoppel § 3—**

Where a partner accepts without objection the accounting rendered by a referee appointed on his own motion, participates without objection in the sale of the partnership assets by the receiver appointed to liquidate the partnership, and accepts his share of the proceeds of the sale by the receiver of the partnership as a going concern, such partner waives any rights to thereafter maintain an action against his co-partner to specifically enforce an agreement to sell the partnership assets to him.

**3. Pleadings § 19—**

Where the allegations of an amended complaint and the amendment to the amended complaint are so vague and contradictory that facts sufficient to constitute a cause of action cannot be deduced therefrom, demurrer is properly allowed.

APPEAL by plaintiff from *Copeland, Special Judge,* January Civil Session 1964 of WAKE.

This case was here on appeal at the Spring Term 1963 and a comprehensive statement of facts will be found in the Court's opinion which is reported in 259 N.C. 430, 130 S.E. 2d 876.

No facts other than those deemed necessary to the disposition of the present appeal will be restated.

When this action was originally instituted on 31 March 1961, the plaintiff, acting as his own counsel, filed a request in the office of the Clerk of the Superior Court of Wake County for an extension of time to file complaint. The purpose of the action was stated as follows: "To formally terminate the existing partnership and/or readjust certain personal financial responsibilities for or of the operation of the partnership business, as requested by the defendant herein; and agreed to in principle by both parties hereto, made respectively plaintiff and defen-

dant herein." The time for filing complaint was extended to 20 April 1961. Subsequent thereto, on 18 April 1961, Lois F. Johnson, as trustee, who held a 20 per cent interest in the partnership involved, was made a party defendant.

On 12 May 1961, William W. Johnson and Lois F. Johnson instituted an action against A. Glendon Johnson, the plaintiff herein, seeking (1) dissolution of the partnership, (2) appointment of a receiver, (3) an accounting, (4) disposition of the partnership by the receiver as a going concern, and (5) distribution of the proceeds from the sale of the partnership assets.

On 16 June 1961, an order was entered dissolving the partnership and appointing a temporary receiver. On 28 July 1961, an order was entered making the receivership permanent. These two orders were made without prejudice to the rights of the parties in the present action.

Plaintiff herein (defendant in the receivership proceeding), appealed from the order making the receivership permanent. This Court affirmed the ruling of· the lower court in a *per curiam* opinion reported in 255 N.C. 719, 122 S.E. ·2d 676.

Plaintiff did not file a complaint until 18 September 1961. This complaint was stricken in its entirety on 15 November 1961, with leave to file an amended complaint within 30 days. An amended complaint was filed on 14 December 1961 seeking specific performance, which represented a complete departure from the purpose of the original action as stated · by plaintiff in his application to the court for an order granting him an extension of time in which to file a complaint.

It appears in the receivership proceeding that on 18 January 1962 the court below entered an order allowing the motion of William W. Johnson and Lois F. Johnson for judgment on the pleadings. It was ordered that the partnership be sold as a going concern, with all parties having the right to bid· on the property. On motion of A. Glendon Johnson, a referee was appointed to. state an account between the parties. The report of the referee was filed, purporting to adjust withdrawals by the parties. No exception was entered to the report of the referee. However, this report does not purport to make any adjustments other than with respect to withdrawals based on the respective percentages of ownership. There is no dispute as to the percentage of the respective interests, which were: William W. Johnson, 55 per cent; Lois F. Johnson, as trustee, 20 per cent; A. Glendon Johnson, 25 per cent.

On 25 January 1962, plaintiff filed an amendment to his amended complaint, attaching an alleged partnership agreement, and alledging further an oral agreement between the plaintiff and the male defendant

to buy or sell their respective interests in the partnership; that plaintiff had elected to buy and defendant had agreed to sell on the terms set out in paragraph nine of the amended complaint.

The assets of the partnership were sold by the receiver on 6 February 1962. The receiver's report shows that William W. Johnson and Lois F. Johnson, as trustee, became the last and highest bidder; that all parties attended the sale, either in person or through their duly authorized representatives. The order of confirmation, signed on 9 February 1962, states that, "A. Glendon Johnson made the penultimate bid which was in the amount of $100,000; and that * * * William W. Johnson and Lois F. Johnson, trustee, became the last and highest bidder in the sum of $102,000 * * *."

The defendant, on 13 February 1962, filed an answer to the amended complaint in which he denied any agreement to sell his interest to the plaintiff. Defendant admitted that he had procured the appointment of a receiver, the sale by the receiver, and that he and Lois F. Johnson had purchased the partnership assets at the receiver's sale.

On 12 November 1962 the defendant filed an amendment to his answer, setting up three further answers and defenses: (1) that the receivership proceeding was *res judicata* of the issues in the present action; (2) that the plaintiff is estopped by reason of his participation in and acceptance of benefits of the sale by the receiver; and (3) that the defendant has no partnership interest which could be made the subject of a decree for specific performance. Attached as exhibits to the amendment were the pleadings, orders, reports and other documents in the receivership proceeding.

On 24 January 1964, the defendant demurred to the amended complaint and all subsequent amendments thereto filed herein by the plaintiff, for the reason that the same do not state facts sufficient to constitute a cause of action against this defendant, it appearing upon the face of the record herein, "That this defendant has not at any time made an unqualified acceptance of any offer of purchase made by the plaintiff.

"That the alleged offer to purchase contemplated a sale of the interest of Lois F. Johnson, trustee, in the partnership property, but that this action has been dismissed as to Lois F. Johnson, trustee, in a judgment affirmed by the Supreme Court of North Carolina in this action by decision filed May 22, 1963, and reported in 259 N.C. p. 430.

"That the subject matter of this action, namely the partnership business known as Standard Homes Company, has been sold since the issuance of the summons in this action by a receiver appointed in another action between the parties, and that the former partnership property is not held by this defendant."

Among the various facts found, the court below found as a fact that after paying the costs of receivership, the receiver distributed the balance of the proceeds of the sale of the partnership assets to the former partners as their interests then appeared and in accordance with the statement of account among the partners as determined by the referee.

It was further found as a fact that A. Glendon Johnson accepted his share of the proceeds of the receivership sale and, so far as the records in said receivership proceedings show, he accepted his share of the proceeds from said sale without protest.

The court further found as a fact that A. Glendon Johnson did not perfect any appeal from the various orders entered in the receivership proceeding subsequent to his appeal from the orders appointing the receiver, and that the time for appealing has long since expired.

The court below concluded as a matter of law that, "the participation without objection of the plaintiff in this action in the sale of the assets of the partnership and his acceptance without objection of the accounting rendered by the court and his share of the proceeds of the sale in accordance therewith constituted a waiver of any rights which he may have had with respect to the matters alleged in his pleadings in this action."

Based upon the facts found and the conclusions of law, the court below entered the following judgment: "ORDERED, ADJUDGED AND DECREED, that the pleas in bar of the defendant William W. Johnson and his demurrer to the amended complaint and all subsequent amendments thereto be and the same are hereby sustained; that this action be and the same is hereby dismissed; and that the plaintiff be taxed with the costs."

From the signing of the foregoing judgment, the plaintiff appeals, assigning error.

*Lake, Boyce & Lake for plaintiff appellant.*
*Dupree, Weaver, Horton & Cockman for defendant appellee.*

DENNY, C.J.  The appellant has excepted to findings of fact Nos. 3, 11, 13, 15 and 17 and brings forward assignments of error based on these exceptions. An examination of the record supports the view that each one of these findings of fact is supported by competent evidence; consequently, we are bound thereby. *Goldsboro v. R. R.,* 246 N.C. 101, 97 S.E. 2d 486, and cited cases. Therefore, these assignments of error are overruled.

It clearly appears in the record on this appeal that the plaintiff in this action moved in the receivership proceeding for the appointment

of a referee for the purpose of stating an account as between the parties to the action as partners in the partnership of Standard Homes Company. The court below allowed this motion, appointed a referee with the instructions to examine the audit theretofore obtained by the receiver pursuant to the orders of the court, and to hear "such additional evidence as the parties may desire to offer concerning the status of the account between them, making such adjustments as may be necessary to bring the account into agreement with the respective partnership interests of the parties as shown in the complaint and admitted in the answer * * *."

The report of the referee revealed that for the period over which withdrawals were to be adjusted as of 16 June 1961, the date the temporary receiver was appointed, that William W. Johnson and Lois F. Johnson, owning 75 per cent of the partnership, had withdrawn $112,550.25, and A. Glendon Johnson, owning 25 per cent of said partnership, had withdrawn $34,080.23. The referee's report further stated that in order to bring the withdrawals into the proper proportion the partnership should pay to A. Glendon Johnson the sum of $3,436.52. No objection or exception was entered to the report of the referee.

Moreover, it was found as a fact by the court below that after paying the costs of the receivership, the receiver distributed the balance of the proceeds of the sale of the partnership to the former partners as their interests then appeared and in accordance with the statement of account among the partners as determined by the referee. No exception was taken to this finding of fact.

The appellant's pleadings, motions, and exhibits have been vague and contradictory in many respects from the very outset of this litigation. For example, in the appeal from the orders appointing a temporary and permanent receiver and dissolving the partnership, the record discloses that the plaintiff herein, the defendant therein, filed a motion in opposition to the appointment of a receiver and the dissolution of the partnership on the ground that he had already instituted an action "specifically predicated upon a mutually agreed, or completely understood and accepted, dissolution of the formerly existing partnership; that no decree of this court is required or necessary to establish that accomplished fact." He further quoted *verbatim*, in his motion, the statement hereinabove set out with respect to the nature and purpose of this action filed with the Clerk of the Superior Court of Wake County on 31 March 1961, for the purpose of obtaining additional time in which to file his complaint. He then placed his interpretation upon the nature and purpose of this action in the following language: "That an accounting and distribution of the residual partnership assets were

the approximate reasonably-to-be-assumed, and legally-to-be-inferred, end results suggested by the language used." However, eight and one-half months after this action was instituted, the appellant changed his mind with respect to the nature and purpose for which his suit was instituted and filed an amended complaint for specific performance, alleging a verbal agreement with the defendant, William W. Johnson, to buy his interest in the partnership on the terms set out in paragraph nine of said amended complaint, abandoning altogether the nature and purpose he had theretofore stated to be the nature and purpose of the action.

In our opinion, the question which is determinative of this appeal is whether or not the participation without objection by the plaintiff herein in the sale of the assets of the partnership, and his acceptance without objection of the accounting rendered by the referee, who was appointed on his motion, and by the acceptance of his share of the proceeds received from the sale of the partnership, as a going concern, constituted a waiver of any rights which the plaintiff had with respect to his action for specific performance.

In 31 C.J.S., Estoppel, section 109 (a), page 559, it is said: "Where one having the right to accept or reject a transaction takes and retains benefits thereunder, he ratifies the transaction, is bound by it, and cannot avoid its obligation or effect by taking a position inconsistent with it. A party cannot claim benefits under a transaction or instrument and at the same time repudiate its obligations. Courts of equity proceed on the theory that there is an implied condition that he who accepts a benefit under an instrument shall adopt the whole, conforming to all its provisions and renouncing every right inconsistent with it."

In the case of *Dawkins v. Dawkins,* 104 N.C. 301, 10 S.E. 307, it appears that certain lands were sold pursuant to an irregular order and the heirs of the decedent received their share of the purchase money. In a later action attacking the former proceeding, the lower court dismissed the action. Upon appeal, this Court said: "What is thus said rests upon the grounds that, if the heirs of George Dawkins, who, in his lifetime, purchased the land in question, each received his share of the purchase money therefor, he must, on that account, be deemed and held to have impliedly assented to, and acquiesced in, the irregular order complained of, directing the title to the land to be made to Randolph McDonald, who paid the purchase money as surety for George Dawkins, the purchaser; * * *."

In *Stansbury v. Guilford County,* 226 N.C. 41, 36 S.E. 2d 719, Guilford County had theretofore accepted the benefits of a judgment entered in a suit by taxpayers against the plaintiff to recover excess com-

pensation paid to him. It was held that acceptance of the benefits of the judgment in the taxpayers' action estopped the county from asserting a counterclaim based on matters litigated in the former action.

In the case of *Corbett v. Corbett,* 249 N.C. 585, 107 S.E. 2d 165, it was held that the grantee of a mortgagor, who acquiesced in a foreclosure and the execution of a deed of trust by the purchaser by accepting the major portion of the proceeds of the loan secured by the purchaser's deed of trust, was estopped from attacking the title of the purchaser at the foreclosure sale. *McDaniel v. Leggett,* 224 N.C. 806, 32 S.E. 2d 602; *Clark v. Homes,* 189 N.C. 703, 128 S.E. 20.

Furthermore, in our opinion, the amended complaint, the amendment to the amended complaint, and the various and sundry exhibits attached thereto, are so vague and contradictory with respect to the terms of the alleged oral agreement on the part of the defendant, William W. Johnson, to sell and the agreement of the plaintiff to buy the interest of defendant in the partnership, that no valid cause of action for specific performance is alleged.

In fairness to plaintiff's counsel, they did not draft the pleadings herein. In fact, they moved in the Superior Court in April 1963 to file a substitute complaint in lieu of all the plaintiff's present pleadings. However, the motion was denied.

The judgment of the court below is
Affirmed.